Charles O. PERRY, Sr., and Cardelle L. Perry, Appellants,

v.

DISTRICT OF COLUMBIA, a municipal corporation, Appellee.

No. 7593.

District of Columbia Court of Appeals.

Argued Dec. 14, 1973.

Decided Jan. 31, 1974.

Petition for Rehearing en Banc Denied March 4, 1974.

Charles O. Perry, Sr., and Cardelle L. Perry were on the brief for appellants, pro se.

Melvin J. Washington, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Henry E. Wixon, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before FICKLING, GALLAGHER, and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This appeal results from the trial court's dismissal of appellants' "Petition for Rede- termination of Tax Liability". Specifical- ly, the court dismissed the petition after having found that it lacked jurisdiction be- cause appellants had not prepaid the ad- justed tax liability prior to pursuing their judicial remedy. We affirm the dismissal.

Appellants filed joint tax returns for the years 1969, 1970, and 1971. After auditing those returns, the Department of Finance and Revenue (the Department) requested a hearing with appellants for a substantia- tion of certain reported itemized deduc- tions. Receiving no response to the re- quest, the Department notified appellants of the audit changes which resulted in the greater tax liability. Appellants, protesting the changes, sought a hearing with the De- partment. After the hearing the Depart- ment notified appellants by mail of the fi- nal determination of the tax liability, in- cluding accrued interest. Appellants filed with the Tax Division of the trial court a petition for redetermination of the tax lia- bility, the dismissal of which is the subject of this appeal.

In the petition, appellants alleged certain procedural violations including the Depart- ment's failure to promulgate an *"income tax appeal procedure"*. The government's "Motion to Dismiss the Petition" was based, *inter alia,* upon the fact that the court was without jurisdiction because of appellants' failure to prepay the additional assessed tax. D.C. Code 1973, § 47–2403 provides, in part:

> Any person aggrieved by any assess- ment by the District of any personal- property, inheritance, estate, business- privilege, gross-receipts, gross-earnings, insurance premiums, or motor-vehicle- fuel tax or taxes, or penalties thereon, may within six months after payment of the tax, together with penalties and in- terest assessed thereon, appeal from the assessment to the Superior Court
> . . . .

The trial court's dismissal of the petition must be affirmed in light of the language of § 47–2403 to the effect that judicial re-

view of a tax assessment does not lie until the disputed tax, together with interest and penalties, has been paid. We note further that this interpretation is consistent with the holding by the United States Court of Appeals for the District of Columbia Circuit in District of Columbia v. Berenter, 151 U.S.App.D.C. 196, 466 F.2d 367 (1972), a real estate tax case under D.C. Code 1967, § 47–709, incorporating the jurisdictional prerequisite of § 47–2403, *supra*. *See also* Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958). We, therefore, hold that appellants' failure to prepay the disputed tax difference precludes them from seeking relief in the Tax Division. The order of dismissal is

Affirmed.