The GEORGE HYMAN CONSTRUCTION CO. et al., Appellants,

v.

The DISTRICT OF COLUMBIA, Appellee.

No. 7235.

District of Columbia Court of Appeals.

Argued Nov. 14, 1973.

Decided Feb. 11, 1974.

John R. Risher, Jr., Washington, D. C., for appellants.

Richard G. Amato, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Henry E. Wixon and Robert E. McCally, Asst. Corp. Counsels, Washington, D. C., were on the brief, for appellee.

Before KELLY, GALLAGHER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This appeal is from a decision of the Tax Division of the Superior Court hold-

ing that it did not have jurisdiction over taxpayer's petition appealing the 1972 real estate assessment for its new building at 1133 15th Street, N.W. The court found jurisdiction to be lacking because the taxpayer had only paid the first half of the annual assessment of its real estate taxes for the pertinent taxable year (1972) before filing its petition in Superior Court, even though it did pay the unpaid balance in full before the second half became delinquent. This also was before the time expired within which it *could* have filed its petition. The court cited the recent case of Berenter v. District of Columbia, 151 U.S.App.D.C. 196, 203, 466 F.2d 367, 374 (1972), as authority for the proposition that D.C.Code 1973, §§ 47–2405 and 47–2403 [1] are controlling and require that, as said in that case, taxpayers must "pay *all* of the challenged taxes levied for the *entire* fiscal year in question prior to the time their appeal was filed . . ." (Emphasis in original.) We affirm.

After respondent filed its answer, the petitioner moved for judgment on the pleadings. Based upon a stipulation of the parties the trial court set forth the facts as follows:

The petitioner is a joint venture and lessee of property located at 1133 15th Street, N.W., Washington, D. C., and the improvements thereon. Pursuant to agreement, the petitioner is obligated to pay all real property taxes that have become due with respect to the land and the improvements. On July 1, 1969 the District of Columbia assessed the land and the unfinished structure at $1,469,-790.00 and $1,500,000.00 respectively. A reassessment of the property was made on July 1, 1970, at which time the District of Columbia increased the valuation of the structure to $2,300,000.00 and continued to value the land at $1,469,790.00. Subsequently, on August 2, 1971, the

District of Columbia advised the petitioner's lessor that a final valuation of the property had been conducted and that they made a revaluation of the building from $2,300,000.00 to $3,400,-000.00 (an increase of $1,100,000.-00). The District of Columbia felt that this re-evaluation was necessary since in their opinion, the structure was completed and habitable. The property taxes for the fiscal year 1971 have been paid. The problem, however, is that the real property taxes which represented the second half installment ($77,916.64), which was due in March, were not paid until after the petition was filed in this case. [Tr. at 85–86.]

If it is determined that the trial court had jurisdiction to hear this case, then an issue is presented as to whether the property in question was properly assessed by the District of Columbia under D.C.Code 1973, § 47–710 or whether it was only subject to taxation pursuant to D.C.Code 1973, § 47–711.

Petitioner does not question the amount of the increase in the annual assessment resulting from the new building being completed, but contends that the increase is not assessable for the entire year, as was done by the District in accordance with D.C. Code 1973, § 47–710. Rather, it argues that the increase is governed by D.C.Code 1973, § 47–711, which states that the amounts of the increase for the completed building "shall be added as assessments for the *second* half of the . . . [fiscal] year payable in the month of March 1972." (Emphasis added.) Consequently, petitioner contends that only the tax for the first half year was in controversy and therefore that was the only tax it was required to pay under D.C.Code 1973, § 47–2403, before appealing the assessment to the Superior Court. On that basis it asserts that the case in distinguishable from Berenter v.

---

1. D.C.Code 1973, § 47–2403 provides in pertinent part:

Any person aggrieved by any assessment by the District . . . may within six

months after payment of the tax together with penalties and interest assessed thereon, appeal from the assessment to the Superior Court of the District of Columbia

District of Columbia, *supra*. We disagree for reasons hereafter stated and affirm.

D.C.Code 1973, § 47–702 requires that all real estate in the District shall be assessed annually. Section 47–709 provides that the valuation of property shall be completed no later than the first Monday in May annually and approved by the Commissioner no later than July 1st. When approved it shall constitute the basis of taxation for the next year until another valuation is made. The taxpayer may appeal from this valuation within six months after October 1st.

Respondent contends that the tax here was assessed under § 47–710. That section provides that

[a]nnually, on or prior to July 1 of each year, the Board of Assistant Assessors, shall make a list of all real estate which shall have become subject to taxation and which is not then on the tax list, and affix a value thereon . . . ; shall make return of all new structures erected or roofed, and additions to or improvements of old structures which shall not have theretofore been assessed . . . .

It is petitioner's contention, on the other hand, that the property could only have been assessed under § 47–711 which provides in pertinent part:

In addition to the annual assessment of all real estate made on or prior to July 1 of each year there shall be added a list of all new buildings erected or under roof prior to January 1 of each year, in the same manner as provided by law for all annual additions; and the amounts thereof shall be added as assessment for the second half of the then current year payable in the month of March. . . .

The last change in assessment from $3,769,790 to $4,869,790 was attributable to the improvement only. The increase in assessment was intended to reflect respondent's determination that the improvement had been completed, and it was regarded as a "final", as distinguished from a "partial" assessment.

Petitioner paid the first installment of taxes for 1972 before the filing of its petition and argues that since it recognized the validity of the assessment for the second half of 1972, as per § 47–711, it was not challenging that part of the tax and therefore was not bound to pay the installment for the second half before the filing of its petition, which was prior to the due date of the second installment. Petitioner further contends that, in any event, it had paid all of these taxes before its action in the Tax Court was dismissed and before the time expired for the filing of its petition and therefore that the Tax Division had jurisdiction.

■ Considering the latter contention first, we must indicate our disagreement in light of the clear wording of D.C.Code 1973, § 47–2403. That section states that an aggrieved party "may within six months after payment of the tax . . . *appeal* from the assessment . . . ." (Emphasis added.) We read this language as requiring the payment of the tax before the filing of the appeal.

It might be argued that all of the statutory purposes are met by payment pendente lite and we are aware that under different Code provisions courts have refused to dismiss complaints on the ground of nonpayment of certain taxes or fees where payment in full was made after filing of the complaint, but prior to the hearing. Those cases, however, involved statutory language quite different from what we have here.[2]

We next turn to petitioner's argument that his challenge is only to the first installment of his 1972 assessment, and therefore that payment of the second installment for 1972 should not be required

---

2. *See* Hamilton Mfg. Co. v. Lowell, 274 Mass. 477, 175 N.E. 73 (1931) ; York & York Construction Co. v. Alexander, D.C.App., 296 A.2d 710, 714 (1972).

**178**

as a prerequisite to invoking the jurisdiction of the Tax Division, as the second installment is not being challenged.

 Since taxes in the District of Columbia are assessable annually, although payable in two installments and as § 47–710 of the Code does not provide for an assessment on improvements for the second half only, petitioner's attack here on the first installment of the assessment under § 47–710 necessarily involves an attack on the entire assessment. The result petitioner seeks could only be attained by holding that the improvement should have been assessed under § 47–711. This would require a decision that the assessment made under § 47–710 was in error. Consequently, the attack on the assessment, as having been erroneously made under § 47–710, actually is an attack on the entire assessment.

■ Petitioner's final argument is that prepayment of a tax is not required when the assessment is void, as opposed to being merely excessive. It cites Tumulty v. District of Columbia, 69 App.D.C. 390, 399, 102 F.2d 254, 263 (1939), for the proposition that "a tax based upon a void assessment may be questioned or attacked wherever found." *Tumulty* involved the priority of a D.C. tax claim in a foreclosure and receivership proceeding. Parties with claims against the company in receivership attacked the District's tax claim on the basis that the assessment was improper and therefore void. The District contended that tax assessments could only be attacked "through the machinery provided by the statute", *id.* at 399, 102 F.2d at 263. The court held however that, with respect to a void assessment, administrative remedies need not be exhausted before seeking assistance from a court of equity.

Petitioner here, however, has not challenged a District tax claim in a receivership proceeding. Nor has it asserted the invalidity of a tax assessment as a defense to a foreclosure proceeding. It has, rather, pursued the statutory remedy provided for appeals of tax assessments. Having chosen to utilize that statutory remedy, it must, of course, comply with its requirements, one of which is that the challenged tax be paid prior to the initiation of the appeal.

We agree with the trial court that it lacked jurisdiction over the matter in light of petitioner having failed to pay all of the real estate taxes assessed for 1972 prior to filing its petition. *Berenter, supra.* We realize that such a statutory provision brings about a harsh result in this instance, but "we do not see how we can avoid giving it effect." District of Columbia v. McFall, 88 U.S.App.D.C. 217, 219, 188 F.2d 991, 993 (1951); District of Columbia v. Berenter, *supra*, 151 U.S.App.D.C. at 205, 466 F.2d at 376.

Affirmed.