**FIRST INTERSTATE CREDIT ALLIANCE, INC.,**
Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 90–551.

District of Columbia Court of Appeals.

Argued Oct. 29, 1991.
Decided March 3, 1992.

C. Francis Murphy, Washington, D.C., for appellant.

Lutz Alexander Prager, Asst. Deputy Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before TERRY, STEADMAN, and SCHWELB, Associate Judges.

TERRY, Associate Judge:

This appeal presents a question of first impression regarding the interpretation of D.C.Code § 47–3303 (1990). We read that statute, along with D.C.Code § 47–453 (1990), as imposing upon the taxpayer an obligation to pay all taxes due, together with interest accruing until the time of payment, before filing in the Superior Court a petition challenging a notice of tax deficiency. Because appellant did not do that, we affirm the trial court's dismissal of appellant's petition.

I

By letter dated April 8, 1987, the District of Columbia Department of Finance and Revenue ("the Department") sent appellant First Interstate Credit Alliance, Inc., a notice of tax deficiency relating to personal property taxes for tax years 1985 and 1986. Appellant protested the assessment, but the Department did not change its determination that appellant owed delinquent personal property taxes. As a result, on September 2, 1987, the Department sent appellant a letter stating that it had made a final determination of tax deficiency. Attached to this letter was a "Notice of Tax Due" for each of the two tax years at issue, 1985 and 1986.

The Notice of Tax Due for tax year 1985 reflected an assessment of $146,986.94 for taxes, $14,698.70 for penalty, and $55,-855.04 for interest. The total payment due for 1985 was stated to be $217,540.68. The Notice of Tax Due for tax year 1986 reflected an assessment of $16,393.42 for taxes, $1,639.35 for penalty, and $4,262.29 for interest. The total payment due for 1986 was stated to be $22,295.06. Each notice contained a statement that payment must be received before the "interest date," shown on each form as September 30, 1987. The notices also included a series of blanks

for the recordation of other amounts, one of which represented "additional interest."

On March 2, 1988, appellant delivered to the Audit Division of the Department two checks representing the total amounts shown on the Notices of Tax Due for 1985 and 1986. On the same date, appellant challenged the assessment of personal property tax deficiency by filing a petition in the Tax Division of the Superior Court pursuant to D.C.Code § 47–3303 (1990). The District of Columbia promptly filed a motion to dismiss the petition, asserting that the court lacked jurisdiction to consider appellant's challenge because the full amount of interest owed had not been paid before the petition was filed. The court granted the District's motion, and appellant noted this appeal.

## II

■ D.C.Code § 47–3303 imposes on a District of Columbia taxpayer the obligation to pay the amount of tax assessed, "together with penalties and interest due thereon," before challenging an assessment in the Superior Court. In relevant part, section 47–3303 provides:

Any person aggrieved by any assessment by the District of any personal property ... tax or taxes, or penalties thereon, may within six months after the date of such assessment appeal from the assessment to the Superior Court of the District of Columbia: Provided, that such person shall first pay such tax together with penalties and interest due thereon to the D.C. Treasurer. The mailing to the taxpayer of a statement of taxes due shall be considered notice of assessment with respect to the taxes.

This section is jurisdictional; failure to file within the six-month period or failure to pay the tax, penalties, and interest due deprives the Superior Court of jurisdiction to consider the taxpayer's appeal. *George Hyman Construction Co. v. District of Columbia*, 315 A.2d 175, 178 (D.C.1974)

(construing predecessor statute); *Perry v. District of Columbia*, 314 A.2d 766, 766–767 (D.C.) (same), *cert. denied*, 419 U.S. 836, 95 S.Ct. 63, 42 L.Ed.2d 62 (1974); *see District of Columbia v. Berenter*, 151 U.S.App.D.C. 196, 203–205, 466 F.2d 367, 374–376 (1972).

■ Appellant filed its petition challenging the assessment of personal property taxes exactly six months after the District sent to appellant the two Notices of Tax Due. At that time, appellant paid the total amount of deficiency shown on each notice, but it did not pay the interest which accrued between September 30, 1987, and March 2, 1988. The sole question on appeal is whether this payment was enough to satisfy the jurisdictional requirement of D.C.Code § 47–3303. We hold that it was not.

The District maintains, and the trial court held, that appellant's failure to pay the interest which accrued up to the time of payment deprived the Superior Court of jurisdiction under D.C.Code § 47–3303. The trial court's decision rested on the plain meaning of section 47–3303 and several other statutes. More specifically, the court held that D.C.Code § 47–453 defines the relevant measure of "interest thereon" under section 47–3303. Section 47–453 provides in pertinent part:

If any tax specified in § 47–451 [including personal property taxes] is not paid on or before the last date prescribed for payment ... interest at the rate of 1½% per month, or fraction of a month, shall be added to the tax from the date prescribed for its payment *until the date paid*. [Emphasis added.]

The trial court ruled that section 47–453 imposed on appellant an obligation to pay interest accrued until the time of payment.[1] Since appellant did not meet that obligation within the six-month period specified in section 47–3303, the court dismissed the petition.

---

1. The trial court also cited D.C.Code § 47–1531 (1990) as authority for its conclusion that appellant owed interest accruing up to the time of payment. That section provides in part that

"for failure to pay ... [personal property] tax within the time required ... penalties and interest shall be added to the tax in accordance with §§ 47–453 through 47–458."

Appellant interprets D.C.Code § 47–3303 differently, arguing that it imposes upon a taxpayer the obligation to pay only the amount of interest due *at the time of the assessment* before challenging that assessment in court. In other words, appellant asserts that section 47–3303 required it to pay only the interest which had accrued as of September 30, 1987—*i.e.,* the amount shown on the "Notice of Tax Due." Appellant does not dispute that it owes the government the interest which accrued from September 30, 1987, until March 2, 1988.[2] It maintains, however, that the payment of that interest is not a jurisdictional prerequisite for Superior Court review under D.C.Code § 47–3303. Appellant reads the two sections, 47–453 and 47–3303, independently, arguing that the latter section requires only the payment of interest which accrued until the date shown on the notice of deficiency as a prerequisite for Superior Court jurisdiction.

Appellant's concession that it owes the government the interest accruing until the time of payment is inconsistent with its interpretation of D.C.Code § 47–3303. The plain language of that statute requires a party to pay "tax together with penalties and interest due thereon" before bringing to the court a challenge to a determination of tax deficiency. Since appellant admits that D.C.Code § 47–453 imposes on it the obligation to pay interest accruing until the time of payment, that interest seems to fit securely within the plain meaning of the phrase "interest due thereon" in section 47–3303. This reading of the statutory language, which we now adopt, divests the Superior Court of jurisdiction to entertain appellant's challenge.

While this court has never directly considered what quantum of interest payment is required before a taxpayer may challenge a tax assessment in the Superior Court, we have at least hinted that the obligation is to make full payment. We have noted in dictum that "[p]rior payment of the tax assessed and *due at the time of the filing of a petition* in the Tax Division of the trial court is one ... prerequisite [to Superior Court jurisdiction]." *District of Columbia v. Burlington Apartment House Co.,* 375 A.2d 1052, 1056 (D.C.1977) (en banc) (emphasis added). That statement, although not critical to the holding in the *Burlington* case, at least suggests that a party must pay the tax and interest due at the time of filing a challenge petition before that petition may be considered by the court. We have also rejected a taxpayer's claim that the payment of an installment of the tax due, rather than the whole tax, was sufficient to enable that taxpayer to challenge the assessment in court. *George Hyman Construction Co., supra.*[3]

Federal cases interpreting the federal statute which gives United States District Courts jurisdiction over claims against the United States (including challenges to tax assessments)[4] have imposed a "full-payment" jurisdictional requirement similar to that which we now impose for tax challenges under D.C.Code § 47–3303. Briefly stated, the full-payment rule requires a taxpayer wishing to sue in federal court for a refund to pay the full assessment in question before bringing suit. *See Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623

2. Appellant did, in fact, pay the interest on its deficiency which had accrued between September 30, 1987, and March 2, 1988. That payment, however, was made on March 18, 1988—after the six-month jurisdictional period specified in D.C.Code § 47–3303 had expired.

3. While *George Hyman* involved the payment of actual tax rather than interest on that tax, the taxpayer's attempt to invoke Superior Court jurisdiction with only an installment payment is analogous to what appellant has done here. Appellant is similarly attempting to pay in installments what it acknowledges it owes to the District of Columbia. Under this court's reasoning in *George Hyman,* the installment payment

which appellant admittedly made, while substantial (approximately ninety percent of what it owed), was insufficient to entitle it to bring a court challenge to the assessment.

4. 28 U.S.C. § 1346(a)(1) (1988) vests in United States District Courts original jurisdiction over any "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

(1960).[5] The only federal appellate court to address the issue directly has held that interest is included in the full-payment rule. *Magnone v. United States,* 902 F.2d 192, 193 (2d Cir.) (*"Magnone II"*), *cert. denied,* —— U.S. ——, 111 S.Ct. 147, 112 L.Ed.2d 113 (1990).

The facts of the *Magnone* case are similar to those presented here. The taxpayers in *Magnone* paid only a portion of the interest due on their tax assessment before filing a petition challenging the assessment in the District Court. That court held that because all the interest had not been paid, it lacked jurisdiction over the case. "If plaintiffs wish to contest the interest on one year's deficiency in this court, they must pay all the interest that has accrued on that year's deficiency." *Magnone v. United States,* 733 F.Supp. 613, 616 (S.D.N.Y.1989) (*"Magnone I"*). The reasoning of the District Court in *Magnone I,* later affirmed by the Second Circuit in *Magnone II,* supports the District's argument here; *Magnone* imposes on the taxpayer an obligation to pay the full amount of interest due before bringing a challenge to a court of general jurisdiction.

The holding in *Magnone I* was motivated by the sound policy of judicial economy: "All claims ... should be brought at the same time, after full payment has been made, as 'Congress intended that all tax questions for any one taxable year should be included in one litigation.'" *Id.* (citation omitted). The same policy basis for the full-payment rule has been expressed by the District of Columbia Circuit in a case interpreting the predecessor to D.C.Code § 47–3303, which contained materially identical language ("provided such person shall first pay such tax, together with penalties and interest due thereon"). In *District of Columbia v. Berenter, supra,* the court held, "Any ... result [other than the full-payment rule] would clearly promote multiple litigation concerning each part of the challenged tax as it was paid. Such multifarious litigation involving a non-economical utilization of judicial time could not

have been reasonably intended by Congress." 151 U.S.App.D.C. at 204, 466 F.2d at 375 (footnotes omitted). Although *Berenter* is not binding on us under *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971), we agree with its reasoning and apply it here. *See also Barry v. American Telephone & Telegraph Co.,* 563 A.2d 1069, 1073 n. 10 (D.C.1989).

This concern for judicial economy and the desire for consolidation of all claims in a single suit, expressed by the District Court in *Magnone I* and the Court of Appeals in *Berenter,* clearly favors the dismissal of appellant's petition in the case at bar. Allowing appellant to pay only ninety percent of the interest owed before bringing its challenge petition to court would create a risk of further litigation, with accompanying delay, over payment of the remaining ten percent. The bright line rule favored by the trial court eliminates that risk by forcing full payment, including *all* interest owed, before any taxpayer's claim will be cognizable in the Superior Court.

When the language of a statute is clear and unambiguous, courts should look beyond that language "only when there are 'persuasive reasons' for doing so." *Peoples Drug Stores, Inc. v. District of Columbia,* 470 A.2d 751, 755 (D.C.1983) (en banc) (citation omitted); *see Riggs National Bank v. District of Columbia,* 581 A.2d 1229, 1247 (D.C.1990); *United States v. Edelen,* 529 A.2d 774, 778 (D.C.1987). On the question presented here, we are satisfied that the plain language of D.C.Code §§ 47–453 and 47–3303 is clear and unambiguous. Case law construing similar local and federal statutes and the well-settled policy preference for judicial economy provide further support for the trial court's sound decision. The dismissal of appellant's petition is accordingly

*Affirmed.*

---

**5.** This has been characterized as "the principle of 'pay first and litigate later'...." *Allen v. Regents of the University System of Georgia,* 304 U.S. 439, 456, 58 S.Ct. 980, 82 L.Ed. 1448 (1938)

(Reed, J., concurring), cited in *Flora v. United States, supra,* 357 U.S. at 75, 78 S.Ct. at 1086. *See also Cheatham v. United States,* 92 U.S. (2 Otto) 85, 23 L.Ed. 561 (1876).