**MIDAN LIMITED PARTNERSHIP,**
**Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 95–TX–1681.

District of Columbia Court of Appeals.

Argued Jan. 29, 1997.
Decided Jan. 31, 1997.* ·

---

* The disposition in this case was issued as a Mem-

Harold Gordon, with whom Robert D. Roadman was on the brief, Warrenton, VA, for appellant.

Martin B. White, Assistant Corporation Counsel, with whom Charles F.C. Ruff, Corporation Counsel at the time, and Charles L. Reischel, Deputy Corporation Counsel, were on the Memorandum in Lieu of Brief, for appellee.

Before FERREN, FARRELL, and REID, Associate Judges.

PER CURIAM.

This appeal from the grant of a motion to dismiss on Super.Ct.Civ.R. 12(b)(6) grounds[1] contests an apparent policy or practice by the District government during the tax year 1994 to give written notice regarding the potentially premature filing of tax assessment challenges to some filers but not others. Appellant makes strictly a constitutional argument, contending that the disparate notification of some taxpayers but not others of the fact that their assessment challenges might be premature for failure to pre-pay the taxes due, D.C.Code § 47–825.1(j) (1996 Supp.), violated principles of equal protection. This argument is without merit.[2]

Appellant concedes that the District was not obligated to give anyone special notice of the statutory change in definition of the tax year that potentially rendered some assessment challenges premature. The statutory alteration itself gave all the notice legally required. In nonetheless responding to potential confusion about the effect on tax challenges of the change in law, the District could make non-arbitrary distinctions among those it saw fit to give supplemental notice voluntarily. Since appellant does not, and cannot, assert that it is a member of a "suspect class" or that a "fundamental right" is concerned,

the "rational basis" test ... is applicable here. Economic legislation involving taxation will be upheld under the "rationality" test where the justification is merely "legitimate."

*Konecny v. District of Columbia Dep't of Employment Servs.*, 447 A.2d 31, 37 n. 6 (D.C.1982) (citations omitted). Indeed, were the distinction in notification here statutorily based, appellant's burden would be "to negative every conceivable basis which might support it." *Regan v. Taxation With Representation of Washington*, 461 U.S. 540, 548, 103 S.Ct. 1997, 2002, 76 L.Ed.2d 129 (1983) (citation and footnote omitted). *See also Nordlinger v. Hahn*, 505 U.S. 1, 11, 112 S.Ct. 2326, 2332, 120 L.Ed.2d 1 (1992) (equal protection generally satisfied if "there is a plau-

orandum Opinion and Judgment on January 31, 1997, and is being published upon the court's grant of appellee's motion to publish.

1. As appellee the District of Columbia points out, the ruling amounted to a grant of summary judgment since the trial court relied on facts outside the pleadings in dismissing the petition. Appellant, at all events, does not contend that there are disputed issues of fact requiring resolution by a trial.

2. The issue presented is entirely one of notice. Appellant does not contend that the District administratively "waived" untimely tax challenges filed by some taxpayers but not others, an action that would be *ultra vires*. *See George Hyman Constr. Co. v. District of Columbia*, 315 A.2d 175, 176 (D.C.1974).

sible policy reason for the classification" and "the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational").

The apparent distinction the District made was to give a "heads up" to *pro se* petitioners challenging their assessments and, through counsel, to petitioners represented by attorneys apparently handling only that one D.C. real estate tax case, but not to others.[3] As the trial court stated:

> Respondent's classification had a rational basis that was reasonably related to its purpose of notifying pro se petitioners and one-case counsel who had not paid taxes in full for the Tax Year 1994, before filing their tax assessment appeal. These petitioners and counsel were not presumed to have the same level of expertise in relationship to the tax code as counsel who regularly appear in tax court and who earn a substantial amount of revenue from their clients based upon their presumed knowledge of the tax code and experience with its intricacies.

Although, as appellant points out, this presumption might not hold true in all cases, the fit between "means" chosen and the "end" to be achieved need not be exact to satisfy rational basis inquiry. The District's choice between those most likely to benefit from additional notice and those not was a legitimate, non-arbitrary distinction.

*Affirmed.*

**3.** In its brief, appellant contends that at a status conference in the Superior Court in apparently unrelated cases, the District's attorney announced that it would give supplemental written notice to *all* taxpayers who had potentially filed prematurely for the tax year 1994. The District correctly points out that this assertion of an announced policy to notify all rather than some affected taxpayers was not supported by affidavits or similar material, and the District denied below the existence of such a policy of notifying all premature filers. The matter is essentially beside the point, however, because appellant's equal protection argument would not be enhanced if the District intended to notify everyone affected, including appellant, but accidentally failed to do so. *See, e.g., Snowden v. Hughes,* 321 U.S. 1, 9, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944).

In light of our disposition of the case, we need not consider the significance of the fact, revealed at oral argument, that counsel for appellant was present at the status conference where the District assertedly gave "notice" of its intent to give notice.