Vincent O. AGBARAJI, Appellant,

v.

James E. ALDRIDGE, Appellee.

No. 02–TX–652.

District of Columbia Court of Appeals.

Submitted Sept. 9, 2003.
Decided Sept. 10, 2003 *.

* The opinion in this case was originally re-
leased as a Memorandum Opinion and Judg-    ment on September 10, 2003.

Vincent O. Agbaraji, pro se.

Arabella W. Teal, Interim Corporation Counsel, with whom Charles L. Reischel, Deputy Corporation Counsel at the time the brief was filed, and William J. Earl, Assistant Corporation Counsel, were on the brief, for appellee.

Before: RUIZ and REID, Associate Judges, and BELSON, Senior Judge.

BELSON, Senior Judge:

■ Appellant Agbaraji is the owner of real property in the District of Columbia that was cited for housing code deficiencies. Agbaraji was notified of the housing violations and given the opportunity either to correct the deficiencies or show cause why corrections were not warranted. *See* D.C.Code § 42–3131.03(5) (2003 Supp.); 14 DCMR §§ 105.2 and 107.2 (1991). Agbaraji did neither, thus entitling the District to correct the deficiencies itself and assess the cost of such corrections as a tax against the property. *See* D.C.Code § 42–3131.01(a) (2003 Supp.). The District of Columbia can "collect such tax in the same manner as general taxes in said District are collected." *Id.* After correcting the deficiencies, which included trash removal and constructing barricades, the District imposed a tax lien of $1,617.00 on the property to recover its costs when Agbaraji failed to reimburse the District. Agbaraji then filed suit in the Civil Division of Superior Court seeking the removal of the tax lien.[1] On the District's motion, the Civil Division trial court (J. Burgess) certified the case to the Tax Division. The Tax Division (J. Lopez) then granted the District's motion to dismiss the complaint for lack of subject matter jurisdiction after conducting an evidentiary hearing on the jurisdictional issue, concluding that the

---

1. The complaint named the District of Columbia Department of Consumer & Regulatory Affairs (DCRA) and its Housing Code Enforcement Chief, James E. Aldridge, as the only defendants. By order, the Civil Division trial court (J. Burgess) dismissed DCRA as a party because of its legal status as a *non sui juris* subordinate government agency. Aldridge was retained as a named party since the complaint sought only injunctive relief. In fact, however, the District is the only party against whom Agbaraji seeks relief. Therefore, other than in its caption, this opinion will refer to the District as the opposing party.

anti-injunction statute, D.C.Code § 47–3307 (2001), prevented Agbaraji from filing suit to enjoin the assessment of a tax because he had neither paid the tax nor shown evidence of exceptional circumstances. Agbaraji now appeals that dismissal order on its merits, and further argues that he was denied an opportunity to present witnesses at the hearing.

A Superior Court decision in a civil tax case, just as in any civil case tried without a jury, may be set aside only if it is plainly wrong or without evidence to support it, or if the trial court has committed an error of law. *School St. Assocs. v. District of Columbia*, 764 A.2d 798, 805 (D.C.2001) (*en banc*); *District of Columbia v. Acme Reporting Co.*, 530 A.2d 708, 711–12 (D.C.1987). In considering a motion to dismiss for lack of subject matter jurisdiction the trial court conducts an independent review of the evidence relevant to jurisdiction and is not obliged to assume the truthfulness of the factual allegations in the complaint. *Matthews v. Automated Bus. Sys. & Servs., Inc.*, 558 A.2d 1175, 1178 (D.C.1989).

D.C.Code Section 47–3307 expressly provides that "no suit shall be filed to enjoin the assessment or collection by the District of Columbia or any of its officers, agents, or employees of any tax." This anti-injunction statute has been consistently interpreted as depriving the court of subject matter jurisdiction over causes of action for equitable relief regarding District of Columbia taxes, *Barry v. American Tel. & Tel. Co.*, 563 A.2d 1069, 1073 & n. 10 (D.C.1989), and therefore "precludes a court from suspending the collection of taxes by the District except in extraordinary circumstances." *District of Columbia v. United Jewish Appeal Fed'n*, 672 A.2d 1075, 1079 (D.C.1996).

The trial court properly applied this statute. It was also correct in its conclusion that it could not apply the "extraordinary circumstances" exception that could have justified injunctive relief. Such equitable relief may be granted only after a finding that (1) the District could not prevail on the taxpayer's challenge to the tax under any circumstances; and (2) the taxpayer will suffer irreparable harm, with no adequate legal remedy, if his equitable action is barred. *District of Columbia v. Eastern Trans–Waste of Maryland, Inc.*, 758 A.2d 1, 9 (D.C.2000); *Barry, supra*, 563 A.2d at 1075. Agbaraji presented no evidence of such exceptional circumstances.

Similarly, the trial court properly declined to adjudicate the case as a tax appeal. A person may appeal a tax assessment as long as the appeal is brought within six months of the assessment and the subject tax is paid. D.C.Code § 47–3303 (2001). Like the anti-injunction statute, Section 47–3307, this statutory provision deprives the Superior Court of jurisdiction over a taxpayer's appeal if the tax has not been paid. *First Interstate Credit Alliance, Inc. v. District of Columbia*, 604 A.2d 10, 11 (D.C.1992). Section 47–3303 sets forth types of taxes as to which any assessment may be appealed, provided the tax is first paid. While a tax upon real property is not explicitly mentioned, this court has applied § 47–3303 in cases involving real property. *See, e.g., District of Columbia v. W.T. Galliher & Brother, Inc.*, 656 A.2d 296 (D.C.1995); *District of Columbia v. New York Life Ins., Co.*, 650 A.2d 671 (D.C.1994). Furthermore, as noted *supra*, the tax at issue is treated as a general tax. *See* D.C.Code § 42–3131.01(a) (2003 Supp.). Therefore, this matter is appropriately analyzed under

Section 47–3303.[2] Under that section, the Superior Court correctly decided that it would not exercise jurisdiction over appellant's suit, both because the tax had not been paid and because more than six months had elapsed from the date of the assessment until the filing of suit.

Finally, as to Agbaraji's opportunity to call witnesses during the trial court's evidentiary hearing on the jurisdictional issue, we note that Agbaraji has not met his burden to present a record which addresses this claim. Therefore, he has failed to overcome the presumption of the correctness of the trial court's proceedings. *Cobb v. Standard Drug Co.*, 453 A.2d 110, 111 (D.C.1982), *accord, Bell v. United States*, 806 A.2d 228, 232 (D.C.2002).

*Affirmed.*

2. Another section specifically applies to appeals of real estate assessments, but the tax in this case does not seem to be of the type governed by that section. *See* D.C.Code § 47–3305 (2003 Supp.).