Michael **MAGNONE**,
Plaintiff–Appellant,

v.

**UNITED STATES of America**,
Defendant–Appellee.

**Joseph V. MAGNONE** and Rose
Magnone, Plaintiffs–Appellants,

v.

**UNITED STATES of America**,
Defendant–Appellee.

Nos. 1151, 1145, Dockets
90–6006, 90–6008.

United States Court of Appeals,
Second Circuit.

Argued April 18, 1990.

Decided April 25, 1990.

Jed Rubenfeld, New York City, Asst. U.S. Atty. for the S.D.N.Y. (Otto G. Obermaier, U.S. Atty. for the S.D.N.Y., Marla Alhadeff, Asst. U.S. Atty., of counsel), for defendant-appellee.

H.J. Gartlan, Jr., New York City (Finkelstein Bruckman Wohl Most & Rothman, of counsel), for plaintiff-appellant.

Before TIMBERS, PRATT and MINER, Circuit Judges.

PER CURIAM:

Michael Magnone and Joseph V. and Rose Magnone appeal from a judgment of the United States District Court for the Southern District of New York, Michael B. Mukasey, *Judge,* dismissing their suits for abatement of interest on tax deficiency assessments. We affirm for the reasons given by Judge Mukasey in his thorough opinion reported at 733 F.Supp. 613. We write only to clarify the circuit law.

In 1987 the Internal Revenue Service (IRS) assessed plaintiffs for tax deficiencies in the tax years 1974–1976. In 1988 plaintiffs paid all taxes due for those years as well as the interest accrued in 1979. They did not pay the interest accrued for the other years. Relying on 26 U.S.C. § 6601(c), they filed for an abatement of the interest charges claiming IRS delay. When the IRS failed to respond, plaintiffs commenced these suits seeking refund of the interest. Judge Mukasey held that jurisdiction was lacking because plaintiffs did not satisfy either the full-payment rule or the prior-claim rule; and that no claim had been stated because under the applicable statute the suits were not authorized for the particular tax years at issue.

First, the full payment rule requires as a prerequisite for federal court jurisdiction over a tax refund suit, that the taxpayer make full payment of the assessment, including penalties and interest. *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Since plaintiffs had paid accrued interest only for the year 1979, they did not make the required full payment of the interest accrued from the delinquencies up to the time of payment.

Nevertheless, plaintiffs contend they complied with the single-year rule which provides that the jurisdictional prerequisite is satisfied when a taxpayer makes "full payment of a tax liability for any given year." *Green v. United States,* 618 F.2d 122, 220 Ct.Cl. 712, 713 (1979). We agree with Judge Mukasey's interpretation of the rule that a payment of interest "constitute[s] full payment only if it includes all interest relating to the year for which the deficiency has been assessed, but not if it is simply one year's worth of interest on a past deficiency", as it was here. Thus, under either rule plaintiffs have not met the jurisdictional requirement.

Second, under the prior-claim rule, a taxpayer must bring the claim for refund to the IRS as a prerequisite to jurisdiction for the suit in federal court. 26 U.S.C. § 7422(a). Consequently, in pursuing such a suit, a taxpayer may not raise different grounds than those brought to the IRS. *Union Pacific RR Co. v. United States,* 389 F.2d 437, 442 (Ct.Cl.1968).

In their IRS claim, plaintiffs relied on 26 U.S.C. § 6601(c) and sought suspension of all interest accrued on each of the three deficiency assessments. Their federal court complaint relied on 26 U.S.C. § 6404(e) and sought abatement only of that interest which had accrued on those deficiencies in the year 1979. As Judge

Mukasey described in detail, these claims are entirely different and therefore cannot satisfy the jurisdictional requirement of the prior-claim rule.

■ Finally, section 6404(e), on which plaintiffs now rely, applies only to "interest accruing with respect to deficiencies or payments for taxable years beginning after December 31, 1978." Pub.L. No. 99–514, § 1563(b)(1), 100 Stat. 2085, 2762 (1986). We agree with Judge Mukasey's interpretation that § 6404(e) applies "only to interest accruing on deficiencies for tax years after 1978." He correctly held that "[h]ere, the challenged interest accrued with respect to deficiencies and payments for the years 1974, 1975 and 1976, which are clearly earlier than December 31, 1978. Consequently, plaintiffs cannot sue for those years".

Accordingly, the district court's judgment is affirmed in all respects.