Martin **GREENHOUSE** and Sherry Greenhouse, Plaintiffs,

v.

**UNITED STATES** of America, et al., Defendants.

No. 90 Civ. 2844 (CES).

United States District Court, S.D. New York.

May 15, 1990.

Herbert Feinson, New York City, for plaintiffs.

U.S. Atty. by Nancy L. Savitt, Asst. U.S. Atty., S.D.N.Y., New York City, for defendants.

## MEMORANDUM DECISION

STEWART, District Judge:

Plaintiffs Martin Greenhouse and Sherry Greenhouse brought this action seeking relief from defendant's efforts to collect sums of money allegedly due on plaintiffs' tax returns for years 1982, 1986, and 1988. By Order to Show Cause, plaintiffs seek a temporary restraining order and a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure ("Fed.R. Civ.P."). Defendants are the Manhattan District Director of the United States Internal Revenue Service ("IRS"), as well as the Chief of the Collection Division of the IRS, and an agent of the Collection Department of the IRS, Anselmo Estwick (hereinafter "the government.")

In the first cause of action the plaintiffs seek to enjoin the defendants from collecting any additional taxes, penalties and interest on the plaintiffs' 1982, 1986 and 1988 taxes.[1] They also seek an order directing the Internal Revenue Service to issue a release of the tax liens filed on November 21, 1989. For the reasons stated below, we vacate the temporary restraining order and deny plaintiffs' motion for a preliminary injunction. We also deny plaintiffs' request for an order for release of the tax liens.

## BACKGROUND

This case deals with plaintiffs' problems in paying taxes owed for several tax years, namely 1982, 1986, and 1988. Defendant IRS has assessed plaintiffs for underpaid taxes, penalties and interest. Although plaintiffs made several payments over a period of time, the IRS claimed that the plaintiff still owed $31,750.74 and therefore filed a federal tax lien on November 21, 1989 in that amount. The IRS is also proceeding to collect this sum by levy against the plaintiff's business. Pltfs' Reply Brief at 2.

Plaintiffs claim that they have paid everything owed to the IRS, according to their computation of allowable interest. Plaintiffs' Memorandum of Law ("Pltfs' Brief") at 1; *see also* Complaint ¶¶ 4–7. Plaintiffs dispute the rates of interest used by the IRS as well as the assessment of penalties on plaintiffs' taxes, claiming that they do not conform to the statutory provi-

---

1. The second cause of action is for damages brought pursuant to 26 U.S.C. § 7432(a) which provides that a taxpayer may institute a civil action for damages if an employee of the United States fails to release a lien under 26 U.S.C. § 6325. In addition, plaintiffs seek damages under 26 U.S.C. § 7433(a) which provides for a damage suit if any employee of the Internal Revenue Service recklessly or intentionally dis-regards any provision of the Internal Revenue Code. The latter claim is based on plaintiffs' allegation that Agent Anselmo Estwick discussed the plaintiffs' tax return and tax liability with Martin Greenhouse's children, Scott Greenhouse and Glenn Greenhouse, in violation of 26 U.S.C. § 7431(a), which concerns disclosure of tax return information. Complaint ¶ 29–32.

sions for interest. Pltfs' Brief at 3. Therefore, they assert that they have paid everything they owe and are entitled to a certificate of release of the liens. The IRS has refused to issue a release from the liens and has proceeded to levy against the plaintiffs' business for collection. The plaintiffs in their first cause of action ask this court to issue an injunction prohibiting the IRS from taking any further steps to recover the amounts allegedly owed by plaintiff.

Following is a summary of the amounts in dispute according to the plaintiff:

| Year | Tax Underpd. | Amt. IRS Assessed | | Paid by Plaintiff | |
|------|--------------|-------------------|---|-------------------|---|
| 1982 | N/A [2] | See n. 2 below | | $ 3,000.00 | pd. 5/84–9/84 |
| 1986 | $ 5,738.00 | $ 6,020.69 [3] | as of 8/87 | 5,000.00 | pd. 6/89 |
| 1988 | 23,495.00 | 24,072.24 [4] | as of 5/89 | $25,000.00 | pd. 12/89 |
| | | $33,092.93 | | $33,000.00 | |

Although it appears from the above that plaintiffs have paid nearly the entire amount of the original assessments, it is also apparent that plaintiffs did not pay the assessments promptly. Under 26 U.S.C. § 6601 (hereinafter "Section 6601"), the IRS may impose interest on amounts not paid within the specified time period for payment, up to the date of payment.[5]

The IRS claims that plaintiffs' payments do not satisfy the penalties and interest which accrued between the time of assessment and the time of payment. Plaintiffs and the government differ in how much plaintiffs owe because of their difference in calculation of the interest charged on the underpaid tax. Plaintiff asserts that pursuant to 26 U.S.C. § 6651 (hereinafter "Section 6651") the IRS may collect only .5 percent per month, or part of a month, from the due date to the date of payment.[6] Complaint ¶ 6. Plaintiffs allege that the IRS assessments include "illegal penalties and interest." Complaint ¶ 9. Plaintiffs

**2.** We note that plaintiffs initially did not supply any documentation corroborating the original amount of the assessment for taxes allegedly owed for the tax year 1982. According to plaintiffs the amount of the assessment for 1982 taxes (apparently originally made in February 1984) was $3000. Complaint ¶ 5. In response to the Order to Show Cause, the government submitted documents which purport to show that the original assessment was $25,800.93 as of 2/6/84. *See* May 11, 1990, Letter of Nancy Savitt, Declaration of Peter Hertz, Attachment. According to these government records, plaintiffs made periodic payments from 3/12/84 through 2/11/89. In support of their position that the 1982 assessment had been fully satisfied, plaintiffs submitted two letters from Keith Greenhouse to IRS. In the letter dated June 3, 1987 he requests a "final bill" stating how much his father Martin Greenhouse still owes on his "debt with the IRS." His letter of July 24, 1987 refers to his desire to reduce "this enormous amount of interest." Unfortunately, these letters do not indicate the tax year referred to, but even assuming they refer to the 1982 tax liability, the second letter acknowledges the writer's awareness of an outstanding amount due which is continuing to accrue interest and penalties.

**3.** This amount was assessed on August 10, 1987, payable by August 20, 1987. Pltfs' Exh. 5.

**4.** This amount was assessed on May 29, 1989, payable by June 8, 1989. Pltfs' Exh. 6.

**5.** Section 6601(a) states in relevant part:

If any amount of tax imposed by this title ... is not paid on or before the last date prescribed for payment, interest on such amount ... shall be paid for the period from such last date to the date paid.

**6.** Section 6651 states in relevant part:

**(a) Addition to the tax.** In case of failure— (2) to pay any amount shown as tax on any return ... on or before the date prescribed for payment of such tax (determined with regard to any extension of time for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

also contend that IRS has used the wrong interest rate by charging 1% a month. Complaint ¶ 18.

The government argues that it is permitted to charge interest as well as a penalty for a failure to pay tax. Deft's Brief 6. Defendant says that Section 6651 provides for the imposition of a "penalty" for failure to pay tax. *Id.* In addition to a penalty, the government contends that IRS may impose interest on outstanding taxes, pursuant to Section 6601.

## THE PRELIMINARY INJUNCTION

■ The government argues that the Anti–Injunction Act prohibits a suit for the purpose of restraining the assessment or collection of any tax. 26 U.S.C. § 7421(a) (hereinafter "Section 7421" or "the Anti–Injunction Act.")[7] Under Section 6601(e)(1) the government contends that the term "tax" refers not only to the tax itself but also to any additional amounts added to the tax, such as penalty and interest charges: "any reference in this title . . . to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." In addition, under section 6665(a)(2), additions to the tax, including penalties, are also included in the term "tax." 26 U.S.C. § 6665(a)(2).[8]

We agree with the government that the statutes cited above make it clear that plaintiffs' first cause of action is a suit to restrain the collection of "tax," as that term is defined in the Internal Revenue Code. Therefore, the Anti–Injunction Act is applicable and prohibits any suit to restrain the collection of tax so long as no exceptions apply.

It is well settled that the purpose of Section 7421 prohibiting the taxpayer from suing to restrain assessment and collection of any tax is to withdraw from federal courts the jurisdiction to enjoin assessment or collection of federal taxes so that the executive arm of government may assess or collect taxes without judicial intervention, thus requiring the taxpayer to resolve the legality of assessment in tax court by way of suit for refund. *See Martinon v. Fitzgerald,* 306 F.Supp. 922, 924, *aff'd,* 418 F.2d 1336 (S.D.N.Y.1969) (citing *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, *reh'g denied,* 370 U.S. 965, 82 S.Ct. 1579, 8 L.Ed.2d 833 (1962)).

■ The parties agree that *Enochs v. Williams Packing Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), creates an exception to the prohibition of injunctions on the assessment or collection of taxes. Pltfs' Reply Brief at 3; Deft's Brief at 4. The exception is that an injunction may be issued by a court in the following instance: 1) if it is clear that under no circumstances could the government prevail given the facts available and the most liberal view of the law; and 2) equity jurisdiction otherwise exists. *Enochs,* 370 U.S. at 7, 82 S.Ct. at 1129.

Plaintiffs contend that this case fits both prongs of the *Enochs* exception. Plaintiffs dispute the government's position that IRS may impose additions to the tax under both § 6651 and § 6601. Pltfs' Reply Brief at 3. However, the only argument plaintiffs make in support of their position is that the government's argument would allegedly impose a greater penalty on a taxpayer who reports his full obligation but fails to pay it than on one who files an inaccurate return, leaving it to the IRS to find a deficiency. *Id.* This position, unsupported by authority, even if true, does not address either of the prongs of the *Enochs* exception.

It is our view that the government has provided enough support for its position to show that it might prevail. Section 6651(a) provides for an "addition to the tax"[9] for

7. Section 7421(a) provides in relevant part:
   [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.

8. Section 6665(a) states in relevant part:

[A]ny reference in this title to "tax" imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.

9. The government calls this a "penalty." Deft's Brief at 6.

failing either "to pay the amount *shown as tax* on any return ... on or before the date prescribed for payment of such tax" or for failing to pay "any amount in respect of any tax *required to be shown* on a return ... within 10 days of the date of the notice and demand therefor." 26 U.S.C. § 6651(a)(2) and (3) (emphasis added). Thus, the statute allows IRS to assess a penalty in the latter instance only from the date of the notice and demand. While plaintiffs may think the statutory provisions are unfair, the provisions support the government's position regarding the imposition of penalties and interest charges on plaintiffs' tax obligations.[10]

Plaintiffs also argue that the amounts assessed are simply too large to be valid. Pltfs' Reply Brief at 3. The calculations of exactly what is owed are not directly at issue in this motion. We are satisfied that the government's position is not so untenable as to prevent it from prevailing under any circumstances and consequently the first prong of the *Enochs* exception is not implicated.

■ We also find that plaintiffs have not established that equitable jurisdiction otherwise exists. Plaintiffs allege that they have been irreparably injured because their credit has been destroyed by the government's tax lien. A suit to enjoin collection of federal taxes due may not be entertained merely because collection would cause irreparable injury such as ruination of a taxpayer's enterprise. *See Galanti v. United States*, 244 F.Supp. 528 (D.C.N.J. 1965). We agree with the government that the plaintiffs have an adequate remedy at law, namely, a suit for refund after they have made full payment, including penalties and interest. *See Magnone v. United States*, 902 F.2d 192, 193 (2d Cir.1990).

Plaintiffs' alternative argument is that in *South Carolina v. Regan*, 465 U.S. 367, 372, 104 S.Ct. 1107, 1110, 79 L.Ed.2d 372 (1984) the Supreme Court held that the prohibition against injunction suits would not apply where Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax. Pltfs' Reply Brief at 5. However, as mentioned above and in *Magnone, supra,* plaintiffs have a legal remedy for challenging the validity of their tax. It is well settled that, under the full payment rule, a federal court has jurisdiction over a tax refund suit only after the taxpayer has made full payment of the assessment, including penalties and interest. *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Plaintiffs' remedy is to pay the assessment and file a refund suit.

Therefore, since plaintiffs have not satisfied the full payment rule, we find that this court does not have jurisdiction over plaintiffs' first cause of action. Thus, we must dismiss the first cause of action.

## CONCLUSION

Plaintiffs' motion for a preliminary injunction is denied. We vacate our temporary restraining order dated April 30, 1990. Having found that this court has no jurisdiction over plaintiffs' first cause of action, it is hereby dismissed.

SO ORDERED.

---

10. We are not persuaded by plaintiffs' unsupported assertion that § 6601 is for "deficiencies found by the Internal Revenue Service." Pltfs' Reply Brief at 3. It is not clear whether plaintiffs contend that interest would not be imposed on deficiencies acknowledged by the taxpayer. If so, that position is not supported by the plain language of Section 6601(a) which states that interest must be paid on "any amount of tax" that is not paid on or before the last date prescribed for payment.