**John J. McMULLEN and Jacqueline McMullen, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 556–89 T.

United States Claims Court.

Aug. 31, 1990.

Michael C. Lambert, New York City, for plaintiffs.

G. Robson Stewart, with whom were Mildred L. Seidman and Shirley D. Peterson, Washington, D.C., for defendant.

## OPINION and ORDER

TURNER, Judge.

This is a suit under 26 U.S.C. § 6404(e)(1) for the recovery of interest paid on delinquent personal income taxes for the 1975 tax year. Plaintiffs claim that the interest assessed against them in conjunction with a 1975 tax deficiency should be abated because of unreasonable delay and error by the Internal Revenue Service. Plaintiffs do not contest the deficiency assessment itself, only the interest attributable to it.

Pursuant to RUSCC 12(b)(1) and (4), defendant has filed a motion to dismiss the complaint. It alleges that plaintiffs have failed to state a claim upon which relief can be granted because the abatement provision applies only to interest accruing with respect to deficiencies for taxable years beginning after December 31, 1978 (RUSCC 12(b)(4)). It also alleges that the Claims Court lacks subject matter jurisdiction because the Secretary's decision whether or not to abate interest is not subject to judicial review (RUSCC 12(b)(1)).

For reasons stated below, we conclude that 26 U.S.C. § 6404(e)(1) does not apply to interest claims concerning tax years prior to 1979. Plaintiffs, therefore, have failed to state a claim upon which relief can be granted. It is not necessary to reach defendant's alternative argument that IRS determinations under this provision are purely discretionary and not subject to judicial review.

## I

The plaintiffs, husband and wife, filed a joint income tax return for 1975 claiming deductions in the amount of $512,620 attributable to their participation in a cattle feeding program managed by the Fenix Cattle Company, an independent entity unrelated to the plaintiffs. They allege that at the time of their investment in the Fenix Cattle Company they had no reason to suspect that the principals were engaged in anything other than an honest and legal venture. In 1980, the IRS initiated an audit of the McMullens' 1975 income tax return. At the time of the audit, an IRS appeals officer told plaintiffs' representative that IRS investigatory files contained evidence of fraud on behalf of the promoters of the Fenix Cattle Company.

As a result of the audit, IRS disallowed the claimed deductions pertaining to the Fenix Cattle Company and made a deficiency assessment against plaintiffs for the 1975 tax year in the amount of $314,866. Plaintiffs allege that the deficiency assessment was made by letter dated December 11, 1986. Defendant has submitted two documents showing that the plaintiffs had knowledge of the deficiency assessment as early as January 21, 1985. See Def. App. B at A42, A43. However, the date on which plaintiffs received notice of the deficiency assessment is not dispositive of the issue in this case.

Plaintiffs contested the assessment in the United States Tax Court. Plaintiffs later conceded to the disallowance of the deductions taken in 1975 based on the fraudulently-operated Fenix Cattle Company and agreed to a tax deficiency assessment in the amount of $281,768 for that year. The Tax Court entered a consent decision in that case on September 2, 1988. On October 27, 1988, the IRS notified plaintiffs that in addition to the $281,768 tax deficiency, they also owed $601,209.36 in interest for the 1975 tax year. Plaintiffs promptly paid the deficiency and interest in full.

Plaintiffs then filed a request for abatement and refund of interest requesting the IRS to exercise its discretion under 26 U.S.C. § 6404 to abate the assessment of interest on their 1975 tax deficiency attributable to the Fenix Cattle Company. The IRS denied that request, stating that the abatement provisions of section 6404(e) apply only to tax periods beginning after December 31, 1978. Plaintiffs thereafter

filed a complaint in the Claims Court alleging that the IRS abused its discretion by refusing to abate the interest when it resulted from error and delay by the IRS in performing ministerial acts. They contend that if the IRS had informed them at the time of the audit in 1980 about the fraudulent scheme engaged in by the Fenix Cattle Company, then they would have agreed to disallowance of the deductions and avoided the interest which continued to accrue until payment was made in 1988 after resolution of the Tax Court case.

## II

The issue is whether 26 U.S.C. § 6404(e) provides for abatement of interest accrued with respect to deficiencies for taxable years prior to December 31, 1978. Section 6404(e) was enacted by Section 1563, Tax Reform Act of 1986, Pub.L. No. 99–514, 100 Stat 2085, 2762. Section 1563 provides:

(a) *In General.*—Section 6404 (relating to abatements) is amended by adding at the end thereof the following new subsection:

'(e) ASSESSMENTS OF INTEREST ATTRIBUTABLE TO ERRORS AND DELAYS BY INTERNAL REVENUE SERVICE.——

'(1) In General.—In the case of any assessment of interest on—

'(A) any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or

'(B) any payment of any tax described in section 6212(a) to the extent that any delay in such payment is attributable to such an officer or employee being dilatory in performing a ministerial act,

the Secretary may abate the assessment of all or any part of such interest for any period. . . .'

. . . .

(b) *Effective Date.*—

(1) *In general.*—The amendment made by subsection (a) shall apply to interest accruing with respect to deficiencies or payments for taxable years beginning after December 31, 1978.

Prior to enactment of § 6404(e) in 1986, the IRS had no authority to abate interest charges when additional interest was caused by IRS delays or errors. Section 6404(e) was enacted so that the taxpayer would have an opportunity for relief from accruing interest under circumstances in which the IRS causes the taxpayer to incur additional interest charges. *See* S.Rep. No. 313, 99th Cong., 2d Sess. 208 (1986); H.R. Rep. No. 426, 99th Cong., 1st Sess., 844 (1985). Even assuming that the assessed interest in this case resulted from delay or error by the IRS, the abatement provision still would not provide relief since it does not apply to tax years prior to 1979.

Plaintiffs interpret the effective date provision, section 1563(b)(1), to read that section 6404(e) applies to any interest accruing after December 31, 1978 regardless of the tax year to which it pertains. In their view, the determining factor for applicability of the abatement provision is the date on which the interest accrues, not the tax year. This interpretation of the statute is strained and contrary to recent decisional law. *See Magnone v. United States,* 733 F.Supp. 613, 89–2 U.S. Tax Cas. ¶ 9594 (S.D.N.Y.1989), *aff'd,* 902 F.2d 192 (2nd Cir.1990) (26 U.S.C. § 6404(e) is inapplicable to interest accruing on deficiencies for tax years 1974, 1975, and 1976).

The interest at issue in this case pertains to a tax deficiency assessed for the tax year 1975. Since the abatement statute does not apply to interest on deficiencies related to the tax year involved here, plaintiffs have failed to state a claim upon which relief can be granted.

## III

Defendant's Motion to Dismiss, filed on December 12, 1989, to the extent grounded on RUSCC 12(b)(4), is GRANTED.

It is ORDERED that judgment be entered dismissing the complaint for failure to state a claim. Each party shall bear its own costs.* *See* RUSCC 54(d).

---

\* If indeed we lack jurisdiction, as defendant asserts as an alternative ground for dismissal, *see Brahms v. United States,* 18 Cl.Ct. 471 (1989) (Claims Court lacks subject matter jurisdiction because IRS decision to deny interest abatement under 26 U.S.C. § 6404(e)(1) is not subject to judicial review), costs would not be available to defendant even though it is the "prevailing party." *See Johns–Manville Corp. v. United States,* 893 F.2d 324, 328 (Fed.Cir.1989) ("the Claims Court has no power to award costs in cases over which it has no ... jurisdiction").