**Brother Gregory MYLES, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 92–CV–392.**

United States District Court, N.D. New York.

Dec. 22, 1992.

Friedman & Manning, P.C. (Jeremiah F. Manning, of counsel), Delmar, NY, for plaintiff.

U.S. Dept. of Justice (Eugene J. Rossi, of counsel), Washington, DC, Office of the U.S. Attorney (James C. Woods, Asst. U.S. Atty., of counsel), Albany, NY, for U.S.

## MEMORANDUM–DECISION AND ORDER

HURD, United States Magistrate Judge.

Presently before this court is defendant's motion to dismiss plaintiff's complaint; plaintiff's cross-motion to amend his complaint; and defendant's motion for partial dismissal of plaintiff's proposed amended complaint.

Plaintiff alleges that since he is a member of a tax exempt religious order from which he receives no salary, he is exempt from paying any income taxes. He claims that he has paid $1,611.00 for taxes assessed in 1982, and is entitled to a refund. He also claims that he is exempt from tax liability for the years 1983 to the present, and that any assessment of tax should be abated. Defendant has filed the instant motion to dismiss for lack of subject matter jurisdiction based on sovereign immunity because plaintiff has failed to comply with the full payment rule, and he has failed to file a timely claim for a refund.

Plaintiff has filed a motion to amend his complaint and a memorandum in opposition to defendant's motion to dismiss. In his proposed amended complaint, plaintiff states that he has paid his taxes in full for the years 1982, 1989, 1990, and 1991, and that he has filed a claim for a refund for the years 1982 to date. Plaintiff, therefore, alleges that this court has jurisdiction to hear his claim for a refund. He seeks a refund for his 1982 tax payment, and declaratory and injunctive relief pertaining to his tax liability for the years 1983 to present. Defendant has responded by submitting a revised motion to dismiss based on plaintiff's proposed amended complaint. Defendant now concedes to the jurisdiction of the court with regard to plaintiff's claim for the 1982 taxable year, but still seeks dismissal for the remaining years, and contends that the United States is immune from injunctive and declaratory relief.

## FACTS

Plaintiff, Brother Gregory Myles, is a member of the Christian Brothers Association (CBA), a religious organization, and has been assigned by the CBA to serve in the ministry of aiding New York State Police officers to understand death and its many complications. In exchange for his services, plaintiff is paid an annual salary by the State of New York. Upon receipt of such salary, plaintiff immediately transfers said monies directly to the CBA.[1] Nearly every aspect of plaintiff's life is controlled by the Christian Brothers. The CBA directs where the plaintiff will work and reside; structures his daily religious activities; controls his daily schedule; and most importantly for the instant action, CBA controls plaintiff's salary and determines the amount of any monies returned to him for living expenses. Plaintiff is under the direct control of the Provincial (head) of the CBA, and would face expulsion from the Brotherhood if he disobeyed the Provincial. Plaintiff joined the CBA in 1982, and since that time, has maintained that as a member of this religious organization, he is exempt from filing and paying income taxes.

On June 27, 1991, the District Director of the Internal Revenue Service (IRS) assessed unpaid income taxes against the plaintiff for the years 1982 through 1986. Since that time, the IRS has assessed income taxes against the plaintiff for the years 1987 and 1988. Plaintiff alleges to have paid income taxes for the years 1989 through 1991. On July 23, 1991, plaintiff paid his 1982 assessed income tax of $1,611.00, excluding interest and penalties. At that time, plaintiff filed a claim for a tax refund for the 1982 amount. On March 16, 1992, plaintiff paid $10.00 for each taxable year from 1983 to 1990, requesting that each payment be allocated to the tax

---

1. Plaintiff claims that any part of his salary returned to him for the purposes of his living expenses is donated to an independent charity.

allegedly owed, and notified the IRS of a refund claim for each year. Thereafter, on March 26, 1992, plaintiff filed this suit seeking a refund for the years 1982 through 1991, and an order directing abatement of any assessed income tax against plaintiff. After defendant filed its motion to dismiss, plaintiff filed a proposed amended complaint seeking, in addition to the former relief, declaratory and injunctive relief.

## DISCUSSION

When resolving a motion to dismiss for lack of subject matter jurisdiction, the court must accept as true the material allegations of the complaint. *Atlantic Mutual Insurance Co. v. Balfour MaClaine Int'l. Ltd.*, 968 F.2d 196, 198 (2d Cir.1992). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "In appraising the sufficiency of the complaint ... the accepted rule [is] that a complaint should not be dismissed ... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Heine v. Colton, Hartnick, Yamin & Sheresky*, 786 F.Supp. 360, 363 (S.D.N.Y.1992). In addition, the burden of proving the existence of subject matter jurisdiction lies with the party alleging jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942).

### I. *Sovereign Immunity.*

Defendant's principal argument in support of its motion to dismiss is based on sovereign immunity. The doctrine of sovereign immunity stands for the proposition that courts cannot exercise jurisdiction over the United States unless the Government has specifically consented to the jurisdiction of the court. District Courts, therefore, may not entertain suits against the United States unless the United States consents to be sued, "and the terms of its consent to be sued in any court defines that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). Therefore, "like a waiver of immunity itself, which must be unequivocally expressed, ... [the] limitations and conditions upon which the government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Id.* at 161, 101 S.Ct. at 2701 (citations omitted). Therefore, plaintiff may only bring the present suit by complying with the terms and conditions that the law has provided the court with the jurisdiction to decide. In the present matter, the federal law that grants jurisdiction to the court is 28 U.S.C. § 1346(a)(1), and 26 U.S.C. §§ 6532(a)(1) and 7422(a).

### A. Full Payment Rule.

The Supreme Court decided long ago that as a prerequisite to subject matter jurisdiction in any suit for an income tax refund, the taxpayer must make full payment of the assessed amount, including any penalties and interest. 28 U.S.C. § 1346(a)(1); *Flora v. United States*, 362 U.S. 145, 149, 80 S.Ct. 630, 632, 4 L.Ed.2d 623 (1960) (hereinafter *"Flora II"*); *Magnone v. United States*, 902 F.2d 192, 193 (2d Cir.1990) (per curiam), *cert. denied*, 498 U.S. 853, 111 S.Ct. 147, 112 L.Ed.2d 113 (1990); *Irving v. Gray*, 479 F.2d 20, 25 (2d Cir.1973); *Greenhouse v. United States*, 738 F.Supp. 709, 713 (S.D.N.Y.1990) (hereinafter *"Greenhouse I"*) ("It is well settled that, under the full payment rule, a federal court has jurisdiction over a tax refund suit only after the taxpayer has made full payment of the assessment, including penalties and interest."); *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958) (hereinafter *"Flora I"*); *U.S. v. Forma*, 784 F.Supp. 1132, 1137 (S.D.N.Y.1992).

With respect to the year 1982, the U.S. has conceded that this court has jurisdiction over plaintiff's claim for a refund. Plaintiff has fully paid the assessed tax for 1982, and has filed a timely claim for a refund with the IRS.[2] Therefore, this

---

**2.** The U.S. states that since plaintiff has not fully paid the interest and penalties, he is, therefore, not contesting such amounts, and the U.S. can assert a counterclaim for any unpaid amounts. The Court need not address such contention at this time.

Court will exercise jurisdiction over plaintiff's claim that he is entitled to a refund for the 1982 taxable year.

■■■ The plaintiff's claims with respect to the years 1983 to 1990, however, present this Court with problems of jurisdiction. As stated above, in order for a Court to exercise jurisdiction, the plaintiff must have fully paid the assessed tax for each of the years in question.[3] This he has failed to do. Plaintiff has only paid $10.00 in income tax for each of the 1983–1990 taxable years.[4] In his letter to the IRS, plaintiff's counsel writes: "The intent of this payment is to pay *part* of the income tax alleged to be owned [sic] each year, and file a claim for a refund." (emphasis added). However, plaintiff can only be excused from the full payment rule, by paying a part of his tax, if he alleges that he is entitled to the one recognized exception to this rule. *See Magnone v. United States,* 733 F.Supp. 613, 615 n. 3 (S.D.N.Y.1989) ("The only exception to this prohibition against partial payment relates to divisible tax assessments, such as deficiencies in an employer's withholdings, which are not at issue in this case."); *Martinon v. Fitzgerald,* 306 F.Supp. 922, 925 (S.D.N.Y.1968), *aff'd per curiam,* 418 F.2d 1336 (2d Cir. 1969). Plaintiff has made no such allegation.

Therefore, since plaintiff has not paid the full tax assessed for each year, and thus not satisfied a prerequisite to jurisdiction, this Court is without jurisdiction to determine whether plaintiff is entitled to a refund for those years. *Magnone,* 902 F.2d at 193. The Supreme Court, while recognizing the hardship that would be caused by requiring a taxpayer to pay the full

assessment before bringing a refund suit, noted the right of a taxpayer to appeal any deficiency assessment to the Tax Court without paying a cent. *Flora II,* 362 U.S. at 147, 80 S.Ct. at 631. ("If [a taxpayer] permits his time for filing such an appeal to expire, he can hardly complain that he has been unjustly treated, for he is in precisely the same position as any other person who is barred by a statute of limitations.")

**B. Prior-claim Rule.**

■ Next, with regard to the 1991 taxable year, plaintiff has failed to file a timely claim with the IRS for a refund as a prerequisite to jurisdiction. Therefore, since plaintiff has failed to comply with a statutory prerequisite to sue, 26 U.S.C. § 7422(a); *Magnone,* 902 F.2d at 193, his claim with respect to the 1991 taxable year is dismissed. *Berman v. United States Treasury Dept., IRS,* 88–2 U.S. Tax Cas. ¶ 9626 at 85.988, 1988 WL 127556 (E.D.N.Y.1988).

**II. *Declaratory Relief.***

Plaintiff also requests that this Court issue a judgment declaring that in the years 1982 through 1991, he was exempt from taxation by virtue of the fact that he was a Brother in a religious organization, and further requests this Court to issue an injunction to enjoin the IRS from collecting any assessed tax, interest, and penalties.

■■■ Plaintiff's request that the Court issue a judgment declaring that he is exempt from income taxes for the years 1982 through 1991 is expressly prohibited by the Declaratory Judgment Act 28 U.S.C. § 2201(a) which states:

**3.** In his original complaint, plaintiff had also not filed a timely administrative claim for a refund with the IRS. However, plaintiff's proposed amended complaint includes a letter to the IRS requesting a refund for each year between 1983 and 1990, inclusive, and thus he has complied with the six month statutory waiting period.

**4.** There does exist an inconsistency pertaining to the years 1989 and 1990. Plaintiff alleges in his proposed amended complaint that he has

paid the full amount of income taxes for those years. However, plaintiff's counsel writes in his letter dated March 16, 1992, that he has enclosed a check for $10.00 in payment of the tax allegedly owed for 1989 and 1990. Plaintiff has failed to enclose copies of his 1989 and 1990 returns. Therefore, since plaintiff has failed to offer demonstrative evidence in support of his claim that jurisdiction is proper, such as his 1989–1990 tax returns, he has failed to carry the burden of proving the existence of jurisdiction.

In a case of actual controversy within its jurisdiction, **except with respect to federal taxes** other than actions brought under § 7428 of the Internal Revenue Code of 1986 ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested parties seeking such declarations, whether or not further relief is, or could be sought. (emphasis added).

Therefore, this Court is without jurisdiction to grant the declaratory relief sought by the plaintiff. *See Black v. United States*, 534 F.2d 524, 527 n. 3 (2d Cir.1976). "[T]he Declaratory Judgment Act prohibition against relief with respect to federal taxes ... is designed to protect the government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference." *Nelson v. Regan*, 731 F.2d 105, 109 (2d Cir.1984), *cert. denied, sub. nom. Manning v. Nelson*, 469 U.S. 853, 105 S.Ct. 175, 83 L.Ed.2d 110 (1984) (*quoting Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 2045, 40 L.Ed.2d 496 (1974)). Plaintiff's attempt to bootstrap the jurisdiction of this Court to grant such relief based on the establishment of an independent jurisdictional basis is unavailing. Plaintiff argues that since he has established a valid jurisdictional basis, i.e., his refund claim for 1982, he can maintain an action for declaratory relief. Plaintiff finds no support in case law for his proposition. Plaintiff does cite *St. Louis Union Trust Company v. Stone*, 570 F.2d 833 (8th Cir.1978), in support of his proposition, however, the Eighth Circuit expressly reserved determination on "whether declaratory relief has been substantially circumscribed by the statutes limiting the extent and means by which tax issues may be raised." *Stone*, at

836. The court merely determined that the district court had jurisdiction under 28 U.S.C. 1331, to entertain an interpleader action pursuant to 28 U.S.C. 1335. *Id.* at 835.[5] The court did not feel it was proper, without district court's factual determinations, to reach a conclusion on whether the Trust Company's complaint stated a claim upon which relief could be granted, or whether declaratory relief was available. *Id.* at 836 ("The district court did not address the complex statutory scheme for tax collection because of its findings, here held to be erroneous, that plaintiff lacked subject matter jurisdiction [over the Trust Company's request to implead].") Therefore, since it is well settled that courts lack jurisdiction to grant declaratory relief, *Greenhouse v. United States*, 780 F.Supp. 136, 141 (S.D.N.Y.1991) (hereinafter *"Greenhouse II"*), plaintiff's complaint is dismissed insofar as it requests a declaratory judgment for the tax years 1982 through 1991.

### III. *Injunctive Relief.*

The plaintiff also seeks an injunction requesting that this Court enjoin the IRS from collecting any assessed taxes, interest, and/or penalties. However, just as the Declaratory Judgment Act bars courts from declaring the rights of parties with respect to federal taxes, the Anti–Injunction Act, 26 U.S.C. § 7422(a), prohibits any "suit for the purpose of restraining the assessment or collection of any tax." *Laino v. United States*, 633 F.2d 626, 629 (2d Cir.1980); *But see South Carolina v. Regan* 465 U.S. 367, 375, 104 S.Ct. 1107, 1112, 79 L.Ed.2d 372 (1984) (The Anti–Injunction Act does not apply when Congress has failed to provide an alternative remedy.)[6] Therefore, lawsuits like the one at

---

**5.** In *Stone*, the United States Department of Justice sued Andrew Stone to recover damages claiming that Stone had perpetrated a fraud against the United States. In order to avoid attachment proceedings, Stone and the United States entered into an agreement whereby Stone would deposit monies into an escrow account pending determination of a civil action. After the IRS sought a lien against the escrow account, the St. Louis Union Trust Company, which held the escrow account, successfully

sought to join the action seeking a determination of its rights and responsibilities with respect to the escrow account.

**6.** In addition, there are several statutory exceptions, and one judicially crafted exception, to the restrictions against injunctive relief. However, plaintiff has not argued that he fits into one or more of these exceptions, and therefore, the Court need not reach the issue.

bar, requesting the enjoinment of the collection of taxes, is precisely the type of suit which the Anti–Injunction Act specifically prohibits. *See Bob Jones,* 416 U.S. at 736, 94 S.Ct. at 2045; *Greenhouse I,* 738 F.Supp. at 712.

 Finally, several times throughout his proposed amended complaint, plaintiff requests that equity demands that this court grant declaratory and injunctive relief. Although equity jurisdiction may establish an exception to the Anti–Injunction Act, plaintiff must also prove that the government has no possible chance of succeeding on the merits of their claim. *Enochs v. Williams Packing and Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Plaintiff, however, has made no attempt to meet this strenuous burden. *Greenhouse II,* 780 F.Supp. at 140. In any event, this Court will not entertain a claim of equity jurisdiction in light of plaintiff's failure to avail himself of the remedies available in Tax Court. *Flora II,* 362 U.S. at 147, 80 S.Ct. at 631.

Accordingly, it is

ORDERED, that plaintiff's motion to amend his complaint be granted; and it is further

ORDERED, that defendant's motion for partial dismissal is granted and the amended complaint is dismissed with respect to the 1983–1990 taxable years, and plaintiff's request for declaratory and injunctive relief; and it is further

ORDERED, that plaintiff may proceed with his claim that he is entitled to a refund solely with respect to the 1982 taxable year.

IT IS SO ORDERED.