James **GALLO**, Plaintiff,

v.

**UNITED STATES of America, DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, Defendant.**

**No. 95 Civ. 5394 (DAB).**

United States District Court,
S.D. New York.

Jan. 3, 1997.

Rogovin Golub Bernstein & Wexler (Lori E. Arbetman, of counsel), New York City, for Plaintiff.

Mary Jo White, United States Attorney for the S.D. of New York (Glenn C. Colton, of counsel), New York City, for Defendant.

### MEMORANDUM and ORDER

BATTS, District Judge.

Plaintiff brought this action seeking a permanent injunction from a pending levy on his bank account, issued by the Internal Revenue Service ("IRS"). Defendant has moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction. For the reasons stated below, Defendant's motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction is granted.

## I. BACKGROUND

On or about May 2, 1995, Plaintiff was contacted via telephone by an IRS collection officer. (Pl.'s Aff. at 1.) The collection officer informed Plaintiff that approximately $83,000.00 was due and owing to the IRS by Plaintiff personally, for payroll withholding taxes, interest and/or penalties not paid by a corporation known as the Great American Copper Corp. ("Great American"). (*Id.* at 1–2.) During the telephone conversation, Plaintiff informed the collection officer that claims against him based on taxes incurred by Great American were invalid because he was never an officer, director or shareholder of Great American but only a salaried employee. (*Id.* at 2.)

On or about May 8, 1995, Plaintiff wrote a letter to the IRS informing it that its information was incorrect for the same reasons he stated over the telephone. (Pl.'s Aff. Ex. B.) Plaintiff also suggested that a mistake may have been made by the IRS by confusing Plaintiff's company, All American Copper Corp., with Great American. (*Id.*) Plaintiff requested that all penalties levied against Great American and assessed to him or his company be abated and that he be notified of said abatement. (*Id.*) Finally, Plaintiff attached a letter from Great American's accountant verifying Plaintiff's statements. (Pl.'s Aff. Ex. C.)

Plaintiff received an IRS Notice of Levy on or about June 30, 1995. (Pl.'s Aff. Ex. G.) The Notice of Levy ordered Plaintiff's bank to restrain and freeze Plaintiff's $84,915.24 personal bank account and within 21 days, to turn over the funds to the IRS. (*Id.*)

Plaintiff responded by starting the present action and filing an ex parte Order to Show Cause for a Temporary Restraining Order. The Court did not rule on the Order to Show Cause. Instead, the parties stipulated that neither the IRS nor the Plaintiff would remove the funds from Plaintiff's bank account, while they pursued settlement discussions. (Stipulation and Order of 7/28/95.) The Court so ordered the stipulation, and several further stipulations extending the time in which the parties agreed not to remove the funds.

In March of 1996, for reasons unknown to the Court, the bank, holding Plaintiff's funds, transferred the funds to the IRS. (Letter from Benjamin Golub, Esq., counsel for Plaintiff to the Honorable Deborah A. Batts of 3/27/96, at 2.) The parties then orally agreed that the IRS would retain the funds while the parties continued to negotiate. (Letter from Assistant United States Attorney Glenn C. Colton to the Honorable Deborah A. Batts of 4/17/96, at 2.) Subsequent to that agreement the Defendant moved to dismiss this cause of action for lack of subject matter jurisdiction.

## II. DISCUSSION

Resolution of Defendant's motion to dismiss based on lack of subject matter juris-diction requires the consideration by the Court of evidence outside the pleadings. "On a motion under Fed.R.Civ.P. 12(b)(1) challenging the Court's subject matter jurisdiction, the Court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Chappelle v. Beacon Communications Corp.,* 863 F.Supp. 179, 181 (S.D.N.Y.1994) (quoting *Antares Aircraft, L.P. v. Federal Rep. of Nig.,* 948 F.2d 90, 96 (2d Cir.1991)). The party asserting subject matter jurisdiction bears the burden of proof. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir.1994).

### A. Plaintiff's Permanent Injunction Claim

It is well-settled that the Anti–Injunction Act generally prohibits the Court from entertaining any action "for the purpose of restraining the assessment or collection of any tax...." 26 U.S.C. § 7421(a). Noting that the Anti–Injunction Act "could scarcely be more explicit," the Supreme Court has stated that:

> [T]he principal purpose of [its] language [is] the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in a suit for refund.'

*Bob Jones Univ. v. Simon,* 416 U.S. 725, 736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974) (quoting *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962)); *see Randell v. United States,* 64 F.3d 101, 106 (2d Cir.1995), *cert. denied,* —— U.S. ——, 117 S.Ct. 65, 136 L.Ed.2d 26 (1996). Without the Act's jurisdictional limitation, suits preemptively challenging tax collection would "clog the wheels of government." *Louisiana v. McAdoo,* 234 U.S. 627, 632, 34 S.Ct. 938, 940, 58 L.Ed. 1506 (1914). Accordingly, the Anti–Injunction Act applies not only to tax assessment and collection, but also to activities "reasonably related" to assessment and collection. *Hecht v. United States,* 609 F.Supp. 264, 267 (S.D.N.Y.1985).

■ The Plaintiff does not dispute this general rule, but maintains that his action falls within a judicially established exception to the Anti–Injunction Act. (*See* Pl.'s Mem. Law at 6.) As the Supreme Court stated, "a pre-enforcement injunction against the assessment or collection of taxes may be granted only (i) if it is clear that under no circumstances could the Government ultimately prevail ... and (ii) if equity jurisdiction otherwise exists.... Unless both conditions are met, a suit for preventive injunctive relief must be dismissed." *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758, 94 S.Ct. 2053, 2057, 40 L.Ed.2d 518 (1974) (citations and internal quotation marks omitted). *See also Bob Jones Univ.*, 416 U.S. at 737, 94 S.Ct. at 2046; *Williams Packing*, 370 U.S. at 7, 82 S.Ct. at 1129; *Greenhouse v. United States*, 738 F.Supp. 709, 712 (S.D.N.Y.1990). To establish equity jurisdiction, the plaintiff must demonstrate that he will suffer irreparable injury or that he otherwise lacks an adequate remedy at law. *See Bob Jones Univ.*, 416 U.S. at 737, 94 S.Ct. at 2046.

■ Plaintiff argues that he will suffer irreparable harm "unless the IRS is directed to immediately return the funds ... [because] Plaintiff will continue to live in danger of losing his career and livelihood...." (*See* Pl.'s Mem.Law at 6.) This argument lacks merit. Economic injury alone, even to the point of financial "ruination of the taxpayer's enterprise" will not allow a party to escape application of the Anti–Injunction Act. *Williams Packing*, 370 U.S. at 6, 82 S.Ct. at 1128–29; *Greenhouse*, 738 F.Supp. at 713. Furthermore, Plaintiff has an adequate remedy at law because he can challenge the collection of taxes by filing a formal administrative refund claim with the IRS. If that claim is denied, then Plaintiff can file a refund suit in the federal courts. 28 U.S.C. § 1346; *see Greenhouse*, 738 F.Supp. at 713. Therefore, the Court does not have subject matter jurisdiction pursuant to the Anti–Injunction Act.[1]

**B. Plaintiff's Refund Claim**

■ Plaintiff next argues that the Court has subject matter jurisdiction because his Complaint contains a refund claim. (*See* Pl.'s Mem.Law at 8.) Section 7422 of the Internal Revenue Code provides:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Courts have consistently held that compliance with this section is a jurisdictional requirement. *See United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 273, 51 S.Ct. 376, 378, 75 L.Ed. 1025 (1931); *Kadah v. United States*, 534 F.Supp. 469, 471–72 (N.D.N.Y.1982). Furthermore, the IRS has the right to insist that its regulations be complied with in every respect. *See Angelus Milling Co. v. Commissioner*, 325 U.S. 293, 296, 65 S.Ct. 1162, 1164, 89 L.Ed. 1619 (1945) (upholding the rejection of a refund claim that "did not satisfy the requirements of the statute or the authorized Treasury Regulations"); *see also Zadoff v. United States*, 638 F.Supp. 1240, 1245 (S.D.N.Y.1986) (dismissing refund claim where wrong form was filed).

■ Here, Plaintiff failed to file a formal refund claim with the IRS that satisfies the requirements of section 7422 and its implementing regulations. (*See* Pl.'s Mem.Law at 10.) Plaintiff, however, argues that his May 8, 1995 letter to the IRS should be construed as a formal refund claim. (*Id.* at 11.) The Court disagrees. Although such letter can be viewed as an informal claim, an informal claim merely tolls the statute of limitations for the filing of a proper claim. *United States v. Kales*, 314 U.S. 186, 194, 62

---

1. Having failed to meet the equity jurisdiction requirement, the Court need not address whether it is clear, under no circumstances that the De-

fendant could ultimately prevail on the underlying tax liability. *See Alexander*, 416 U.S. at 758, 94 S.Ct. at 2057.

S.Ct. 214, 218, 86 L.Ed. 132 (1941); *see also Morton v. Granite,* Nos. 88 Civ. 9020, 89 Civ. 1356, 1991 WL 33333, at *7 (S.D.N.Y. Mar. 5, 1991) (rejecting argument that an informal claim meets the jurisdictional prerequisites to a refund suit when no proper administrative claim was later filed with the IRS). Plaintiff has not perfected his informal refund claim and hence, this Court rejects Plaintiff's argument that his informal refund claim vests subject matter jurisdiction upon the Court.[2]

### III. CONCLUSION

The Anti–Injunction Act precludes this Court from issuing a permanent injunction against the Defendant because the Plaintiff has not met the requirements necessary for equitable relief. Plaintiff's informal refund claim cannot vest subject matter jurisdiction upon this Court because such informal claim has never been perfected as required by law. Accordingly, Plaintiff's Complaint is dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction.

SO ORDERED.

---

**2.** Plaintiff also argues that he has not sought to perfect his informal refund claim because such action would be futile given the parties inability to settle this case. (*See* Pl.'s Mem. Law at 12.) Although the Court notes the long history of settlement negotiations that have occurred in this case, futility of filing an administrative refund claim is not a defense to failure to file a refund claim. *See Felt,* 283 U.S. at 273, 51 S.Ct. at 378 ("[t]he necessity for filing a claim [for refund] such as the statute requires is not dispensed with because the claim may be rejected. It is the rejection which makes the suit necessary. An anticipated rejection of the claim, which the statute contemplates, is not a ground for superseding its operation").