T.C. Memo. 2001-80

UNITED STATES TAX COURT

ROBERT COCO AND LAUREEN COCO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9460-00.                    Filed April 2, 2001.

<u>Ronald J. Cohen</u>, for petitioners.

<u>Robin L. Peacock</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  This case was assigned to Chief Special

Trial Judge Peter J. Panuthos pursuant to the provisions of

section 7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court

_____

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the years in issue,
and all Rule references are to the Tax Court Rules of Practice
                                              (continued...)

agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case is before the Court on respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted filed pursuant to Rule 40.  Respondent asserts that petitioners failed to state a claim in their amended petition seeking review of a denial of a request for abatement under section 6404(e).  The amended petition was filed with this Court pursuant to section 6404(i).  The premise of the motion is that section 6404(e) does not provide authority for respondent to abate interest assessed against petitioners for tax year 1978.  Accordingly, respondent asserts that there is no factual or legal basis for the Court to grant the requested relief.

Petitioners resided in Monroe, New York, at the time they filed their petition.

<u>Background</u>

Petitioners filed a petition with this Court in 1983 to contest deficiencies for tax years 1978 and 1979 (docket No. 21670-83).  The parties filed a stipulation of settled issues in that case, and an agreed decision was entered on June 15, 1985.

---

[1](...continued)
and Procedure.

The decision reflected that petitioners were liable for a deficiency of $13,690 for 1978 and $10,209.07 for 1979.

Petitioners contacted respondent during the latter part of 1985 and early part of 1986 to obtain a notice of assessment or statement of tax due. In March 1986, respondent apparently indicated that he would notify petitioners as to the tax liability due, and petitioners should await such notification. Approximately 7 years later, respondent advised petitioners of his intention to levy for the amounts due and owing for 1978 and 1979. Petitioners paid the tax, interest, and penalty in October 1996.

Petitioners filed a Claim for Refund and Request for Abatement (Form 843). On November 27, 1998, respondent sent a letter to petitioners in which respondent approved an abatement of interest of $26,275.65 for tax year 1979. The letter stated that an abatement for tax year 1979 was justified because respondent delayed in notifying petitioners of the 1978 and 1979 tax liabilities between February 27, 1986, and February 8, 1993. The letter further indicated that interest could not be abated for the tax year 1978 because "I.R.C. 6064(e)(1) empowers I.R.S. to abate interest for tax years after 1978. Therefore, tax year 1978 is excluded from any actions."

On March 2, 2000, respondent mailed to petitioners a Final Determination disallowing petitioners claim for abatement of

interest under section 6404(e)(1) for the tax year 1978. Respondent noted that section 6404(e)(1) "authorizes interest abatement only for tax years beginning after 1978".

Petitioners filed a timely petition and amended petition for review of respondent's denial of their request for abatement of interest. In their amended petition, petitioners allege that respondent should have abated interest because of respondent's 7-year delay in providing petitioners with a notice of assessment or statement of tax for 1978.

Respondent filed the instant motion,[2] asserting that the abatement of interest for tax year 1978 was properly denied on the ground that respondent lacks the authority to abate interest for the tax year 1978.

Petitioners filed an opposition to respondent's motion. Petitioners contend that this Court has absolute authority to consider any refusal of abatement of interest under section 6404(e). Further, petitioners argue that Congress did not intend to deny a taxpayer the opportunity for an abatement of interest for taxable years ending before January 1, 1979.

Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted.

---

[2] The Court granted leave to file respondent's Motion to Dismiss for Failure to State a Claim.

Generally, we may dismiss a petition for failure to state a claim upon respondent's motion when it appears beyond doubt that petitioners can prove no set of facts in support of their claim which would entitle them to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982); Boyce v. Commissioner, T.C. Memo. 1996-439, affd. 122 F.3d 1069 (9th Cir. 1997); Arredondo v. Commissioner, T.C. Memo. 1996-185.

Section 6404(g) (redesignated as subsection 6404(i)), enacted by section 302(a) of the Taxpayer Bill of Rights 2 (TBOR2), Pub. L. 104-168, 110 Stat. 1457 (1996), provides the Tax Court with authority to review the Commissioner's denial of a taxpayer's request for abatement of interest. The Tax Court has jurisdiction to review whether the Commissioner's refusal to abate interest was an abuse of discretion. See sec. 6404(i)(1).

Petitioners' request for abatement of interest is based upon section 6404(e)(1). Section 6404(e)(1) provides that the Commissioner may abate interest attributable to unreasonable error or delay by an officer or employee of the Internal Revenue Service in performing a ministerial act.[3] Section 6404(e) was

---

[3] In 1996, sec. 6404(e) was amended under sec. 301 of TBOR2, Pub. L. 104-168, 110 Stat. 1457 (1996), to permit the Commissioner to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" and ministerial acts. This amendment, however, applies to interest accruing with respect to deficiencies or payments for tax years beginning after
(continued...)

enacted under the Tax Reform Act of 1986 (TRA 1986), Pub. L. 99-514, sec. 1563(a), 100 Stat. 2762, and applies to interest accruing with respect to deficiencies or payments for tax years beginning after December 31, 1978.  See TRA 1986 sec. 1563(b), 100 Stat. 2762.

Petitioners argue that Congress did not intend to deny abatement of interest applications for taxable years prior to 1979.  To the contrary, the statutory history of section 6404(e) is clear that the Commissioner does not have the authority to grant a request for abatement of interest under section 6404(e) for tax years ending prior to 1979.  This Court, as well as several other courts, has held that section 6404(e) applies only to taxable years beginning after December 31, 1978.  See Magnone v. United States, 902 F.2d 192 (2d Cir. 1990); Goettee v. Commissioner, T.C. Memo. 1997-454; Mounts v. United States, 76 AFTR 2d 5608, 95-2 USTC par. 50399 (S.D. W.Va. 1995); McMullen v. United States, 21 Cl. Ct. 248, 250 (1990).  Respondent did not have the authority to grant a request for abatement made pursuant to section 6404(e) for the taxable year 1978, and, accordingly, respondent did not abuse his discretion in denying the request for abatement.

---

[3](...continued)
July 30, 1996.  Therefore, the amendment is inapplicable to the instant case.  See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

Conclusion

For the reasons set forth above, we hold that petitioners have failed to state a claim for which relief can be granted, and we shall grant respondent's motion. In so holding, we have carefully considered remaining arguments made by petitioners for a result contrary to that expressed herein, and, to the extent not discussed above, we consider those arguments to be without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.