Kenneth F. **DEYO**, Jr., Marlene A. Deyo, Plaintiff–Appellant,

v.

**IRS, Office of Treasury Inspector General for Tax Adm., Defendant–Appellee.**

No. 04–5287–CV.

United States Court of Appeals, Second Circuit.

June 14, 2005.

Kenneth F. Deyo, Wolcott, CT, for Appellant, pro se.

Robert L. Baker, Attorney, Tax Division, Department of Justice (Jonathan S. Cohen, Attorney, Tax Division, Department of Justice, and Eileen J. O'Connor, Assistant Attorney General, Kevin J. O'Connor, United States Attorney for the District of Connecticut, on the brief), Washington D.C., for Appellee, of counsel.

PRESENT: JOSÉ A. CABRANES, RAGGI, Circuit Judges, and SAND, District Judge.*

---

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff-appellants Kenneth F. Deyo, Jr. and Marlene A. Deyo appeal an August 3, 2004 judgment dismissing for lack of subject matter jurisdiction their claims seeking monetary, injunctive, and declaratory relief in connection with a tax refund request filed in March 2001. In their Amended U.S. Individual Income Tax Return (Form 1040X) for 1997, plaintiffs entered a value of zero in the fields for adjusted gross income, taxable income, and amount of tax owed. In supporting documents, plaintiffs articulated a familiar, uniformly-rejected tax protestor argument—namely, that income earned entirely within the United States is not subject to taxation because it is not specified as a "taxable source" under 26 U.S.C. § 861.[1]

On appeal, plaintiffs first challenge the District Court's ruling that plaintiffs filed an invalid tax refund claim and thereby failed to satisfy the requirements of 26 U.S.C. § 7422(a), which specifies the conditions under which plaintiffs may bring suit in federal court "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected." Specifically, plaintiffs assert that their tax refund claim was valid and "properly executed" within the meaning of 26 C.F.R. § 301.6402–3(a)(5) because (1) the IRS was able to process their claim; (2) the claim contained sufficient information for the IRS to evaluate the merits of their request; and (3) frivolous claims are not *per se* invalid.

Plaintiffs further assert without elaboration that the District Court has jurisdiction to consider their non-monetary, due process claims "under the Fifth and Sixth Amendments to the Constitution of the United States and under U.S.C. Title 5 section 701 et seq."

We review *de novo* the District Court's ruling that it lacked subject matter jurisdiction. *Scherer v. Equitable Life Assur. Soc'y*, 347 F.3d 394, 397 (2d Cir.2003). The District Court correctly held that the filing of a valid refund claim with the IRS is a jurisdictional prerequisite for a refund action in federal district court. *Magnone v. United States*, 902 F.2d 192, 193 (2d Cir.1990)(per curiam); *Rosenbluth Trading, Inc. v. United States*, 736 F.2d 43, 47 (2d Cir.1984). Absent compliance with the statutory requirements set forth in 26 U.S.C. § 7422(a) regarding the filing of a valid claim for refund, plaintiffs were unable to invoke the waiver of governmental sovereign immunity. *United States v. Dalm*, 494 U.S. 596, 608–10, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). For substantially the reasons stated by the District Court in its ruling on August 2, 2004, we conclude that the District Court lacked jurisdiction to hear plaintiffs' suit.

We have considered all of plaintiffs' arguments on appeal, and we find each of them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.

---

1. As the District Court correctly noted, courts have consistently rejected the claim that wages are not "income" within the meaning of 26 U.S.C. § 861. *See, e.g., Connor v. Commissioner of Internal Revenue,* 770 F.2d 17 (2d Cir.1985).