**GOLDSTEIN, BARON & LEWIS, CHARTERED, Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellant.**

No. 92–2228.

United States Court of Appeals, Fourth Circuit.

Argued March 30, 1993.

Decided June 4, 1993.

David English Carmack, Tax Div., U.S. Dept. of Justice, Washington, DC, argued (James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen, Sally J. Schornstheimer, Richard D. Bennett, U.S. Atty., Tax Div., U.S. Dept. of Justice, on brief), for defendant-appellant.

Leonard R. Goldstein, Goldstein & Baron, Chartered, College Park, MD, argued, for plaintiff-appellee.

Before RUSSELL and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

**OPINION**

DONALD RUSSELL, Circuit Judge:

In this case, the Internal Revenue Service ("IRS") appeals from a district court order granting summary judgment to the plaintiff, Goldstein, Baron & Lewis ("the taxpayer"), for a refund of federal withholding taxes. Because we conclude that the taxpayer

---

waived any objection it may have had to the collection of the funds, we reverse.

## I.

The parties stipulated to the following facts. On October 30, 1985, the taxpayer submitted its third quarter (3dQtr.) employment tax return and accurately reported the following:

| | |
|---|---|
| Withholding tax | $16,909.00 |
| Social Security tax | $11,831.35 |
| TOTAL TAX | $28,740.35 |
| Deposits | $27,212.36 |
| AMOUNT DUE | $ 1,528.00 |

The taxpayer submitted the $1,528.00 due with the return.

Upon receipt, the IRS erroneously recorded the return as reporting a total tax due of $11,831.35, with deposits of $27,212.26. Therefore, on October 31, 1985, the IRS credited the taxpayer's account by $15,381.01 (which incidentally fails to consider the $1,528.00 payment). On December 2, 1985, the IRS assessed a 3dQtr. liability of $11,831.35.

In January of 1986, the taxpayer filed a fourth quarter (4thQtr.) employment tax return that accurately reported the following:

| | |
|---|---|
| Withholding tax | $17,682.00 |
| Social Security tax | $13,434.72 |
| TOTAL TAX | $31,116.72 |
| Deposits | 31,136.16 |
| OVERPAID | $ 19.44 |

Because of the erroneous credit from the 3dQtr., the IRS refunded the following amount to the taxpayer:

| | |
|---|---|
| Erroneous refund | $15,381.01 |
| Interest | $ 133.79 |
| 4thQtr. Overpayment | $ 19.44 |
| TOTAL | $15,434.24 |

The IRS assessed the 4thQtr. liability on February 17, 1986. Upon receipt of the refund, the taxpayer advised the IRS that it did not understand why it was entitled to the refund.

In February of 1988, the IRS discovered its error and reversed the 4thQtr. credit by making the following entries on its records, without making any assessments:

1. Removed $15,381.01 payment from the 4thQtr.
2. Applied $15,381.01 to the 3dQtr.
3. Balanced the 3dQtr. to zero.
4. Showed a 4thQtr. liability of $15,381.01.

The IRS sent the taxpayer notice of the erroneous refund on February 15, 1988, and demanded repayment of the money. The taxpayer paid the $15,381.01 in March of 1989, under protest, and filed a claim for refund of the money in October of 1989. After the IRS denied the claim on November 2, 1989, the taxpayer filed this suit on February 14, 1990.

After stipulating to the above facts, both parties filed motions for summary judgment. In its motion, the taxpayer argued that in order to recover the erroneous refund, the IRS had to bring suit under 26 U.S.C. § 7405 within two years of the date of refund, as required by 26 U.S.C. § 6532(b). The taxpayer reasoned that because the IRS failed to do this, the $15,381.01 payment constituted an overpayment under 26 U.S.C. § 6401, and should therefore be refunded. The IRS, on the other hand, argued that no Section 6401 overpayment existed because it had six years under 26 U.S.C. § 6502(a) from the date of the 4thQtr. assessment to collect taxes for that quarter. The IRS also argued that because the taxpayer actually owed the money, there was no overpayment.

At oral argument, the district court disagreed with the parties' view of the case, and ordered that the parties file supplemental briefs on what he saw as the central issue: whether a new 4thQtr. assessment had to be made following reversal of the erroneous credit for that quarter. In response to the court's inquiry, the IRS argued that because the erroneous refund was what it termed a "non-rebate" refund, a new assessment was unnecessary. The taxpayer asserted, however, that the IRS's authority for its "rebate/non-rebate" distinction had no weight, and that because the IRS could not cite any authority to support its novel theory, summary judgment in its favor was appropriate. The district court agreed with the taxpayer,

and granted summary judgment in its favor. The IRS appeals.

## II.

The IRS argues that it was not required to follow the statutory assessment procedure to recover the taxpayer's erroneous refund in this case because the refund was a "non-rebate" refund. Although we conclude that the IRS is entitled to the funds in this case, we reach that conclusion by a different route than that advanced by the IRS.

The IRS contends in this case that it was not required to make a new assessment for the 4thQtr. because the original assessment was not extinguished by the taxpayer's payment. The critical fact that leads us to reverse the district court in this case, however, is the fact that the taxpayer acknowledged in writing that it was not entitled to the refund. Indeed, no one contests the fact that the taxpayer owed the money; the taxpayer's sole contention is that the IRS should be required to follow its established procedures for collecting erroneous refunds. Although we agree with that proposition, the taxpayer's acknowledgement of the legitimate tax debt owed to the IRS waived any objection it may have had to collection of the erroneous refund. In this case, the IRS could have recovered the funds due, without the burden of this suit, had it followed the well-accepted procedures for collection of erroneous refunds. In addition, had the taxpayer acknowledged that it was not entitled to the windfall it received from the IRS and paid the funds when the error was clarified, both parties could have avoided the burden of this suit. In light of the taxpayer's legitimate debt to the IRS and the taxpayer's acknowledgement that it was not entitled to the refund, we conclude that the IRS is entitled to the funds paid under protest in this case.

## III.

Because we conclude that the taxpayer's letter to the IRS waived any objection it may have had to the collection of the funds it legitimately owed the IRS, we reverse the district court to allow the IRS to retain the funds paid by the taxpayer for the erroneous refund.

*REVERSED.*