Raymond E. O'BRYANT and Dorothy
J. O'Bryant, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 92–1111.

United States District Court,
C.D. Illinois,
Peoria Division.

Jan. 25, 1994.

Order Feb. 28, 1994.

David L. Higgs, Husch, Eppenberger, Do-
nohue, Cornfeld & Jenkins, Peoria, IL, for
plaintiffs.

Gerard A. Brost, Asst. U.S. Atty., Peoria,
IL, Leslie M. Singer, Calvin C. Curtis, Tax
Dept., U.S. Dept. of Justice, Washington,
DC, for defendant.

## ORDER

McDADE, District Judge.

On November 12, 1990, the IRS made an
assessment of $9,438 against Plaintiffs, Ray-
mond E. O'Bryant and Dorothy J. O'Bryant,
["Plaintiffs"], for federal income taxes due in
1989.[1] Because Plaintiffs have not paid their
total 1989 income tax liability, Defendant, the

---

1. The Notice of Tax Lien filed on November 7,
1991 was filed to collect for taxes assessed for
1984 as well as 1989. On April 13, 1993, 839
F.Supp. 1321, the Court granted partial sum-
mary judgment to the Plaintiffs with regard to
their 1984 income tax liability. Thus, this Order

deals only with the portion of the November
1991 Tax Lien which was filed to collect for 1989
taxes as it relates to Count II of Defendant's
Counterclaim. Count I of Defendant's Counter-
claim was dismissed in the April 13, 1993 Order.

United States of America, has filed a Federal Tax Lien which continues to encumber their real property, and title to that property cannot be quieted until the 1989 assessment is satisfied.

Before the Court are Cross–Motions for Summary Judgment on Count II of the United States' Counterclaim. In Count II, the United States seeks to reduce the 1989 assessment to judgment. Conversely, Plaintiffs seek an order by the Court directing the IRS to either apply certain overpayments made by Plaintiffs to offset their liability for the 1989 assessment or to issue a refund for the amounts overpaid.

The Court has jurisdiction over the United States' Counterclaim pursuant to 28 U.S.C. § 1346(c) and 26 U.S.C. § 7402(a). The United States contends, however, that the Court does not have jurisdiction under the Code either to order the IRS to apply the overpayments made by Plaintiffs to their 1989 assessment or to maintain Plaintiffs' suit for a refund.

■ After review of the Code, the case law, and the pleadings, the Court finds that it has jurisdiction over only one of Plaintiffs' claims, namely, that Plaintiffs' November 19, 1991 payment should be refunded. For the reasons which follow, the Court finds that although Plaintiffs are entitled to a refund of their November 19, 1991 payment, the 1989 assessment should be reduced to judgment. Thus, the United States' Motion for Summary Judgment is granted in part and denied in part, and Plaintiffs' Motion for Summary Judgment is granted in part and denied in part.[2]

## BACKGROUND

On August 13, 1993, this Court granted summary judgment in favor of Plaintiffs, holding that Plaintiffs satisfied their 1984 tax liability by payment in 1987. The Court also granted Plaintiffs' Motion to Dismiss Count I of the United States' Counterclaim, but denied their Motion to Dismiss Count II, which alleged that Plaintiffs remained liable for a 1989 tax assessment. The Court then ordered Plaintiffs to answer Count II. The facts relevant to the Court's August 13, 1993 decision are also relevant here and are as follows.

On October 18, 1985, Plaintiffs filed their income tax return for 1984. On November 25, 1985, the IRS made an assessment totalling $22,593.20 for taxes owed by Plaintiffs in 1984. On August 6, 1987, Plaintiffs paid to the IRS the sum of $27,999.93, representing full payment of all tax, interest, and penalties then due. The IRS, however, mistakenly credited the August 6, 1987 payment twice to Plaintiffs' account for 1984, creating what appeared to be an overpayment and generating a refund of $28,925.39 ($27,999.93 plus $925.46 in accrued interest), which was sent to Plaintiffs by check dated January 1, 1988, from the United States Treasury. Sometime later in 1988, the IRS discovered its error and demanded repayment of the refunded amount plus accrued interest, totalling $31,354.84.

After discovery of its error, the IRS did not make a new assessment for 1984, but rather claimed that the original assessment for 1984 remained outstanding. The United States apparently formed this belief because the amount originally paid by Plaintiffs was erroneously refunded, leaving the government without an actual payment for 1984. Meanwhile, Plaintiffs made the following payments which the IRS applied to the 1984 assessment:

---

2. Although Plaintiffs' Motion for Summary Judgment does not explicitly request a refund for the November 19, 1991 payment, Plaintiffs' November 8, 1993 amended tax return requesting this refund was filed after their Motion for Summary Judgment, i.e., August 31, 1993. Because Plaintiffs raised this issue in their Response to the United States' Motion for Summary Judgment, the Court will construe this portion of their Response as an amendment to their Motion for Summary Judgment.

| "Overpayments" | | |
|---|---|---|
| Date | Amount | Reason |
| April 15, 1988 | $ 840.00 | 1987 income tax refund applied |
| April 3, 1989 | $ 5,000.00 | Payment by Plaintiffs |
| April 15, 1989 | $ 1,117.00 | 1988 income tax refund applied |
| November 19, 1991 | $ 5,850.00 | Rent payment seized from Inness Farm R & R |
| Total | $12,807.00 | |

On or about November 15, 1991, Plaintiffs filed an amended income tax return ["ATR1"] for taxable year 1984 which claimed a refund for the amounts overpaid in 1988 and 1989,[3] excluding the November 19, 1991 payment. On or about November 8, 1993, Plaintiffs filed a second amended tax return ["ATR2"], claiming a refund for amounts overpaid on the 1984 assessment which included the November 19, 1991 payment.[4] For Plaintiffs, the relevance of these overpayments is directly related to the 1989 tax assessment made against them on November 12, 1990.

On November 12, 1990, the IRS made an assessment of $9,438.00 for taxes owed by Plaintiffs in tax year 1989. Plaintiffs received notice of the assessment and a demand for payment but failed to pay the entire amount due. The parties have stipulated that according to IRS records, there remains an unpaid balance in the amount of $7,395.60 for 1989 taxes, plus statutory interest from the date of assessment.

Plaintiffs claim that the IRS should either issue them a refund for the 1988 and 1989 overpayments or apply these payments to their 1989 assessment to offset the amount currently outstanding. With respect to Plaintiffs' refund claim, the United States argues that the Court does not have jurisdiction to maintain a suit for a refund, because the claim was filed beyond the statute of limitations set forth in 26 U.S.C. § 6511.[5] The United States further asserts that as sovereign, it is immune from suit on this issue, because Plaintiffs have not met the jurisdictional prerequisites for filing a refund claim under the Code, i.e., payment of the tax and a timely claim. 26 U.S.C. § 7422(a). See also Magnone v. United States, 902 F.2d 192–93 (2nd Cir.1990); United States v. Dalm, 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1989) (the United States as sovereign, is immune from suit unless it consents to be sued). Regarding Plaintiffs' claim that the United States should offset their liability for the 1989 assessment with the amounts overpaid and applied to the 1984 assessment, the United States asserts that the Court cannot order this relief because the Internal Revenue Code gives the Secretary statutory discretion to refuse such an application. See 26 U.S.C. § 6402(a).

## DISCUSSION

The two issues before the Court are: (1) whether the overpayments made by Plaintiffs

---

**3.** Pursuant to 26 U.S.C. § 6402, the tax return reflecting an overpayment constitutes a claim for refund.

**4.** This information is contained in an uncontroverted affidavit signed by Plaintiff, Raymond O'Bryant, which is attached to Plaintiffs' Response to the United States' Motion for Summary Judgment.

**5.** Pursuant to 26 U.S.C. § 6511, a claim for refund or credit is timely if it is made within three years from the time the original tax return was filed, or within two years from the time the tax was paid, whichever period expires later.

should be refunded pursuant to 26 U.S.C. § 6511, and/or (2) whether these payments should be used to offset Plaintiffs' outstanding tax liability for 1989.

### A. *Plaintiffs Are Not Entitled To A Refund For Overpayments Claimed On Their November 15, 1991 Return, But They Are Entitled To A Refund For The November 19, 1991 Overpayment Claimed On Their November 8, 1993 Return.*

■ A claim for refund or credit is timely if it is made within three years from the time the original tax return ["OTR"] was filed, or within two years from the time the tax was paid. 26 U.S.C. § 6511. The Court will refer to this provision as the "three/two" rule.

In this case, the three/two rule operates to bar Plaintiffs from recovering the three overpayments made in 1988 and 1989. Plaintiffs filed their OTR for 1984 on October 18, 1985. However, Plaintiffs did not file ATR1 requesting a refund of the three 1988 and 1989 payments until November 15, 1991. Thus, Plaintiffs are not entitled to a refund of the 1988 and 1989 payments, because they were claimed after the statute of limitations under § 6511 (three/two rule) had run, i.e., six years and one month after the OTR was filed (October 18, 1985 to November 15, 1991) and at least two years and seven months after the latest of the disputed taxes were paid (April 15, 1989 to November 15, 1991). Thus, pursuant to the terms of § 6511, ATR2 was not filed in time to claim a refund for the above mentioned payments. Thus, the Court has no jurisdiction to order the IRS to refund these amounts to Plaintiffs. *See Magnone v. United States*, 902 F.2d 192–93 (2nd Cir. 1990).

■ The November 19, 1991 payment presents a different issue. The Court has jurisdiction to determine whether Plaintiff is entitled to a refund of their November 19, 1991 payment, because the claim was filed on November 8, 1993, within two years of the date the tax was paid. *See* 26 U.S.C. § 7422(a). Given the Court's August 13, 1993 ruling that Plaintiffs satisfied the 1984 assessment with their August 6, 1987 pay-

ment, the Court finds that Plaintiffs' November 19, 1991 payment of $5,850.00 constitutes an overpayment which should be refunded to Plaintiffs.

### B. *The Court May Not Order The IRS To Apply Plaintiffs' Overpayments To Offset Plaintiffs' 1989 Tax Liability.*

■ Plaintiffs contend that the three overpayments made in 1988 and 1989, together with the November 19, 1991 payment, should be applied to offset their 1989 tax liability. While they concede that the IRS has discretion in its decision to apply "overpayments from one year to an outstanding assessment in another year," they assert that, "it would be an abuse of discretion not to do so in this case." Plaintiffs Response to United States' Motion for Summary Judgment at 3. Plaintiffs' argument is meritless. The Court has no discretion to abuse when the Internal Revenue Code does not give it the jurisdiction to order the IRS to apply Plaintiffs' overpayments to their 1989 liability. Title 26 U.S.C. section 6402(a) states in relevant part:

> **§ 6402. Authority to make credits or refunds**
>
> **(a) General rule.**—In the case of any overpayment, the Secretary, within the applicable period of limitations, **may** credit the amount of such overpayment including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment ...

(emphasis added). *See also Vishnevsky v. United States*, 581 F.2d 1249 (7th Cir.1978) (in case where IRS promised to apply overpayment, Court held them to promise, but noted that IRS normally has discretion to make this choice in first instance).

Having given discretion to the IRS, the Code prevents this Court from making the ruling Plaintiffs seek. Thus, Plaintiffs' only means for recovering their overpayments is through a § 6511 refund action. However, as previously discussed, the only overpayment claimed within section 6511's statute of limitations is the November 19, 1991 pay-

ment. This being the case, Plaintiffs are limited to recovery of that sum alone.

## CONCLUSION

IT IS THEREFORE ORDERED that the United States' Motion for Summary Judgment is **GRANTED in part** with respect to reducing the 1989 assessment against Plaintiffs to judgment in the amount of $7,395.60.[6] The United States' Motion for Summary Judgment is **DENIED in part** with respect to preventing Plaintiffs from recovering the November 19, 1991 payment. Plaintiffs' Motion for Summary Judgment is **GRANTED in part** with respect to refund of the November 19, 1991 payment in the amount of $5,850.00. Plaintiffs' Motion for Summary Judgment is **DENIED in part** with respect to refund of the three overpayments made in 1988 and 1989, and the application of these three overpayments, together with November 19, 1991 payment to offset its 1989 tax liability as assessed. IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter final judgment hereon. Each party is to bear their own costs. **This case is terminated.**

## ORDER

Before the Court is the United States' Motion to Alter or Amend the Court's April 13, 1993 Judgment with respect to Count I and its January 25, 1994 Judgment with respect to Count II. For the reasons which follow, the Motion is denied.

### I. *Count I*

On April 13, 1993, the Court granted summary judgment in favor of Plaintiffs with respect to Count I of the Plaintiffs' Complaint, holding that the United States may not collect an erroneous refund unless it discovers the mistake within two years of the refund's issuance or three years from the date a tax return is filed. 839 F.Supp. 1321. Accordingly, the Court held that the United States could not collect an erroneous refund from Plaintiffs, even though Plaintiffs knew the refund was erroneous.

The Government urges the Court to reconsider its decision in light of the Fourth Circuit's holding in *Goldstein, Baron & Lewis Chartered v. United States,* 995 F.2d 35 (4th Cir.1993). In *Goldstein,* the Court held that the government was allowed to collect an erroneous refund, even though the government's suit was brought beyond the statute of limitations, because the taxpayer acknowledged in writing that the refund was erroneous. The Court reasoned that the taxpayers' written acknowledgment of their debt waived any objection they had to the collection of funds legitimately owed to the IRS.

This Court disagrees with the ruling in *Goldstein* because it feels bound to comply with the statutory provisions of 26 U.S.C. § 6532(b) and 26 U.S.C. § 6501(a), which bar the government from collecting an erroneous refund beyond two years from the refund's issuance, or three years from the date a tax return is filed. Apparently, the *Goldstein* court concluded that it can waive the statute of limitations on equitable grounds, namely, the fact that a legitimate debt is owed and acknowledged. This Court does not believe the statute contains an "equitable exception" provision or a "safety valve" for the government should it miss the statute of limitations. Accordingly, the Government's Motion is denied.

### II. *Count II*

On January 25, 1994, summary judgment was entered for the United States in the amount of $7,395.60 with respect to Plaintiffs' assessed 1989 income tax liability, plus any interest and penalties which the United States subsequently claimed. The United States now claims interest in the amount of $2,349.14 pursuant to 26 U.S.C. § 6601. In addition, the United States claims penalties for Plaintiffs' failure to pay the 1989 assessment in the amount of $1,452.66 pursuant to 26 U.S.C. § 6653. The interest and penalties computed through January 25, 1994, the date judgment was entered for the United States, total $11,197.40.

---

6. If the United States seeks interest and penalties on the amount assessed, it should submit a Memorandum of Authorities with calculations of the

amount sought from Plaintiffs within fourteen (14) days from the date of this Order.

After review of the statutory provisions, the Court finds that interest and penalties are warranted on the assessed tax. However, Plaintiffs properly object to the alleged amounts of interest and penalties due, because the government has not provided a detailed calculation of the alleged amounts, as ordered by the Court on January 24, 1994. The Court will deny the government's Motion until this calculation is provided by affidavit.

### Conclusion

IT IS THEREFORE ORDERED that the United States Motion to Alter or Amend the Court's January 25, 1994 Order to include the amounts of interest and penalties due is DENIED with leave to refile the Motion providing a detailed calculation by affidavit. IT IS FURTHER ORDERED that the United States Motion to Alter or Amend the Court's April 13, 1993 judgement with respect to Count I is DENIED.